STATE OF NORTH CAROLINA v. HAROLD W. FOSTER, DEFENDANT

No. COA11-1227

(Filed 7 August 2012)

**Evidence—hearsay—prosecutor's trial outline—summary of defendant's anticipated testimony—motion for DNA testing—harmless error**

The trial court committed harmless error in a first-degree murder case when ruling on defendant's motion for DNA testing by admitting into evidence and considering a prosecutor's trial outline summarizing defendant's anticipated testimony in a prosecution of a codefendant. The outline constituted inadmissible hearsay, but defendant did not meet his burden of showing materiality under N.C.G.S. § 15A-269(a)(1) since he was being tried as an aider and abettor.

Appeal by defendant from order entered 30 September 2010 by Judge Richard L. Doughton in Rowan County Superior Court. Heard in the Court of Appeals 20 March 2012.

*Attorney General Roy Cooper, by Assistant Attorney General Daniel P. O'Brien, for the State.*

*Jarvis John Edgerton, IV for defendant-appellant.*

GEER, Judge.

Defendant Harold W. Foster appeals from an order denying his motion for post-conviction DNA testing. On appeal, defendant argues that the trial court erred in admitting into evidence and considering a prosecutor's trial outline summarizing defendant's anticipated testimony in a prosecution of a co-defendant. We agree with defendant that the outline constituted inadmissible hearsay, but hold that any error was harmless because defendant did not meet his burden of showing materiality under N.C. Gen. Stat. § 15A-269(a)(1) (2011). We, therefore, affirm.

Facts

Defendant was indicted for first degree murder on 29 September 1997. On or about 25 September 1998, defendant entered an Alford plea of guilty to second degree murder. Defendant was sentenced on 2 October 1998 in the presumptive range to a minimum of 216 months and a maximum of 269 months imprisonment. No transcript is avail-

able for the hearing at which the trial court accepted defendant's guilty plea.

On 24 September 2009, defendant filed a motion for DNA testing pursuant to N.C. Gen. Stat. § 15A-269. Defendant's motion was a pre-printed form with blanks and check boxes. Defendant indicated on the form that the following items were collected during the State's investigation of the crime: (1) blood samples from the victim; (2) a bloodstain on a cloth from the victim; (3) blood and hair samples from all of the defendants; and (4) hair collected from the bar of the residence where the murder took place and where the main defendant in the case, Philip Carter, resided. Defendant checked the boxes on the "fill in the blank" motion stating that these items were not subjected to DNA testing and could now be subjected to newer and more accurate testing.

As required by N.C. Gen. Stat. § 15A-269(b)(3), defendant accompanied his motion with an affidavit of innocence. In further support of his motion, defendant submitted two laboratory reports from the State Bureau of Investigation regarding requested blood and hair analysis.

The first report itemized pieces of evidence and samples taken from various locations connected with the murder on which the lab had found no blood. The report also noted that a bloodstain on cloth from the victim and liquid blood samples from the victim and four suspects were not analyzed.

The second report, detailing the results of requested hair analysis, found no transfer of hair on samples taken from locations where the body of the victim might have been. The report also noted that an "examination was conducted on" tapings "from the back of the victim's shirt," "from the back of the victim's pants," and "from the front of the victim's shirt," along with the victim's pants and T-shirt. The report did not indicate the results of that examination, but stated that standards should be resubmitted "[i]f any further analysis is required."

On 6 August 2010, Judge John L. Holshouser, Jr. ordered the District Attorney's Office to file a response to defendant's motion by 8 October 2010. A response was filed by the prosecutor who had entered into the plea agreement with defendant. The State opposed defendant's motion, arguing that the "legal basis of defendant's charge and conviction was that he aided and abetted Phillip Carter in the murder" and that defendant had not shown how any DNA testing would be material to his defense.

**STATE v. FOSTER**

[222 N.C. App. 199 (2012)]

The State attached to the response five SBI laboratory reports and the prosecutor's trial outline for the trial of Phillip Carter, including defendant's anticipated testimony and the testimony of other witnesses. The response described the outline as follows:

> 8. Attached as Exhibit F is the trial outline prepared by the District Attorney. This outline includes anticipated testimony by the defendant, based upon interviews of the defendant by law enforcement and the District Attorney. It is anticipated that defendant's testimony would have shown his culpability as an aider and abettor.

The State contended that because defendant was an aider and abettor, it was unlikely that there would have been any transfer of biological evidence, and, therefore, DNA testing would not produce material evidence.

In an order filed 30 September 2010, Judge Richard L. Doughton denied defendant's motion for DNA testing on the following grounds:[1]

> (7) In this case based upon the file in this matter and particularly the response filed by the District Attorney that the defendant participated in this homicide as an aider and abettor which would not have resulted in the transfer of biological evidence between the Defendant and the victim and therefore there has been no showing as to how the granting of this motion would be material to the investigation, prosecution or defense of the Defendant in this case.

> (8) Furthermore, the Defendant has failed to allege or offer evidence regarding the manner in which the requested DNA testing of the designated biological evidence is material to the Defendant's defense.

> (9) The Defendant has failed to offer any evidence or explanation regarding the manner in which the requested DNA testing is related to the investigation or prosecution that led to the Defendant's conviction herein.

The trial court then set out a conclusion of law that the requested DNA testing was not material in that there was no showing that any DNA evidence could change the outcome of the case. Defendant timely appealed to this Court.

---

1. While the trial court denominated these grounds as findings of fact, they appear to be more properly characterized as conclusions of law.

Discussion

Defendant contends that because the prosecutor's trial outline for the Carter trial constituted inadmissible hearsay, the trial court erred in using it as a basis for the court's ruling. The State, however, argues that the Rules of Evidence do not apply to motions for post-conviction DNA testing.

Rule 101 of the North Carolina Rules of Evidence provides: "These rules govern proceedings in the courts of this State to the extent and with the exceptions stated in Rule 1101." The State urges that a motion does not constitute a proceeding. We cannot agree. If we were to adopt the State's position, then the Rules of Evidence would not apply to motions to suppress or motions for appropriate relief in criminal cases or motions for summary judgment in civil cases. Obviously, that cannot be the law.

Indeed, *Black's Law Dictionary* 1324 (9th ed. 2009), defines "[p]roceeding" as "2. Any procedural means for seeking redress from a tribunal or agency. 3. An act or step that is part of a larger action. 4. The business conducted by a court or other official body; a hearing." A quotation included immediately after the definition specifically indicates that a "proceeding" has historically included pre-trial testimony and motions. *Id.* A motion for post-conviction DNA testing is certainly a procedural means for obtaining relief, and the trial court conducted a hearing on that motion. Defendant's motion resulted in a proceeding.

That conclusion does not, however, complete the inquiry regarding the applicability of the Rules of Evidence. Under Rule 101, the question remains whether a motion for DNA testing falls within any of the exceptions set out in Rule 1101 of the North Carolina Rules of Evidence. Rule 1101(a) provides: "Except as otherwise provided in subdivision (b) or by statute, these rules apply to all actions and proceedings in the courts of this State."

Rule 1101(b) in turn specifies that the Rules are not applicable to preliminary questions of fact to determine admissibility; proceedings before grand juries; proceedings for extradition or rendition; first appearances before district court judges or probable cause hearings in criminal cases; sentencing or the granting or revoking of probation; issuance of warrants for arrest, criminal summonses, and search warrants; proceedings with respect to release on bail or otherwise; and contempt proceedings. Motions for post-conviction DNA testing do not fall within any of these exceptions.

It is well established that "[u]nder the doctrine of *expressio unius est exclusio alterius*, a statute's expression of specific exceptions implies the exclusion of other exceptions." *Alberti v. Manufactured Homes, Inc.*, 329 N.C. 727, 732, 407 S.E.2d 819, 822 (1991). Applying the doctrine here, since motions for post-conviction DNA testing are not listed as an exception while the Rules of Evidence specifically list other exceptions, the Rules of Evidence apply to post-conviction DNA testing motions or proceedings.

As a result, we must decide whether the trial outline for the Carter trial submitted by the State and relied upon by the trial court was admissible under the Rules of Evidence. The State submitted the Carter trial outline in order to prove the nature of defendant's involvement in the murder and to show that his involvement as an aider and abettor would not likely have produced biological material that could be subjected to DNA testing. The State's response explained that defendant's plea agreement was conditioned upon his providing truthful testimony in the Carter case and that the legal basis of defendant's charge and conviction was that he aided and abetted Phillip Carter in the murder. The State was unable to rely upon the description of defendant's involvement set out during his plea hearing because no transcript exists of that hearing.

The Carter trial outline is an out-of-court statement offered for the truth of the matter asserted: that defendant was an aider and abettor. Therefore, the trial outline is hearsay. N.C.R. Evid. 801(c) (" 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."). Defendant did not stipulate or otherwise admit any of the information contained in the outline and, therefore, the outline is not admissible as an admission of a party opponent. Nor has the State identified any applicable exceptions to the hearsay rule.

The prosecutor's unverified response and the attached outline amount to nothing more than an unsworn statement of counsel. As our Supreme Court has noted, "it is axiomatic that the arguments of counsel are not evidence." *State v. Collins*, 345 N.C. 170, 173, 478 S.E.2d 191, 193 (1996). *See also State v. Roache*, 358 N.C. 243, 289, 595 S.E.2d 381, 411 (2004) (holding that arguments of counsel in prior case were not evidence and, therefore, were inadmissible); *State v. Bare*, 197 N.C. App. 461, 475, 677 S.E.2d 518, 529 (2009) (holding that defendant failed to present evidence that satellite based monitoring

device interfered with his ability to obtain employment when defendant relied solely on arguments of counsel).

The trial court erred in admitting and relying upon the trial outline. Nevertheless, we hold that defendant was not harmed by this error since the trial court also properly concluded that defendant had failed to show materiality as required by N.C. Gen. Stat. § 15A-269.

N.C. Gen. Stat. § 15A-269 provides in pertinent part:

(a) A defendant may make a motion before the trial court that entered the judgment of conviction against the defendant for performance of DNA testing . . . if the biological evidence meets all of the following conditions:

(1) Is material to the defendant's defense.

(2) Is related to the investigation or prosecution that resulted in the judgment.

(3) Meets either of the following conditions:

a. It was not DNA tested previously.

. . . .

(b) The court shall grant the motion for DNA testing . . . upon its determination that:

(1) The conditions set forth in subdivisions (1), (2), and (3) of subsection (a) of this section have been met;

(2) If the DNA testing being requested had been conducted on the evidence, there exists a reasonable probability that the verdict would have been more favorable to the defendant; and

(3) The defendant has signed a sworn affidavit of innocence.

While not controlling, we find two unpublished cases persuasive. In *State v. Barts*, 204 N.C. App. 596, 696 S.E.2d 923, 2010 N.C. App. LEXIS 979, at *4-5, 2010 WL 2367302, at *2 (2010) (unpublished), this Court held, based on the language of N.C. Gen. Stat. § 15A-269(b)(1), that "a condition precedent to a trial court's statutory authority to grant a motion under N.C.G.S. § 15A-269 is that the conditions of subsection (a)" be met. This Court then concluded that the trial court did not err in denying the defendant's motion for DNA testing because the

defendant "made no showing, as he concedes, relating to how the requested DNA testing would have been material to his defense as required by the condition set forth under N.C.G.S. § 15A-269(a)(1)." *Id.*, 2010 N.C. App. LEXIS 979, at \*6, 2010 WL 2367302, at \*2.

In *State v. Moore*, ____ N.C. App. ____, 714 S.E.2d 529, 2011 N.C. App. LEXIS 1651, at \*6-7, 2011 WL 3276748, at \*3 (2011) (unpublished), the defendant's motion stated as to the materiality prong of N.C. Gen. Stat. § 15A-269 only: " 'The ability to conduct the requested DNA testing is material to Defendant's defense.' " After adopting the reasoning of *Barts*, this Court concluded that because "Defendant's motion in no manner indicated how or why DNA testing would be material to his defense," that motion "failed the requirements of N.C.G.S. § 15A-269 on this issue, and Defendant's 'filing was insufficient to allow his request seeking postconviction DNA testing[.]' " *Id.*, 2011 N.C. App. LEXIS 1651, at \*8-9, 2011 WL 3276748, at \*3 (quoting *Barts*, 204 N.C. App. 596, 696 S.E.2d 923, 2010 N.C. App. LEXIS 979, at \*7, 2010 WL 2367302, at \*3).

We specifically adopt the reasoning of *Barts* and *Moore*. The burden is on defendant to make the materiality showing required in N.C. Gen. Stat. § 15A-269(a)(1). Here, with respect to materiality, defendant made only the same conclusory statement found insufficient in *Moore*—his motion stated only that "[t]he ability to conduct the requested DNA testing is material to the Defendant's defense." Defendant has provided no other explanation of why DNA testing would be material to his defense.

As defendant failed to establish the condition precedent to the trial court's granting his motion, the trial court properly denied the motion. We need not, therefore, address the State's alternative argument, pursuant to N.C.R. App. P. 10(c), that defendant was not entitled to seek post-conviction DNA testing because he pled guilty.

Affirmed.

Judges McGEE and McCULLOUGH concur.