STATE v. GARDNER

[227 N.C. App. 364 (2013)]

STATE OF NORTH CAROLINA
v.
EDWARD JOSEPH GARDNER, IV

No. COA12-969

Filed 21 May 2013

1.  **Constitutional Law—right to counsel—motion for postconviction DNA testing—failure to show materiality**

    The trial court did not err in a multiple statutory rape case by failing to appoint counsel to represent defendant on his motion for postconviction DNA testing. Defendant failed to make the requisite showing of materiality.

2.  **Evidence—postconviction DNA testing—sufficiency of findings of fact**

    The trial court did not err in a multiple statutory rape case by failing to make sufficient findings of fact and conclusions of law demonstrating that it analyzed the requirements set forth in N.C.G.S. § 15A-269 regarding postconviction DNA testing of evidence because the statute does not contain any requirement that the trial court make specific findings of facts.

Appeal by defendant from orders entered 7 and 12 March 2012 by Judge W. Russell Duke, Jr. in Pitt County Superior Court. Heard in the Court of Appeals 26 February 2013.

*Attorney General Roy Cooper, by Assistant Attorney General Kimberly N. Callahan, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Kristen L. Todd, for defendant.*

HUNTER, Robert C., Judge.

Edward Joseph Gardner, IV ("defendant") appeals from orders denying his motions to locate and preserve evidence and for postconviction DNA testing. On appeal, defendant argues that the trial court erred by: (1) failing to appoint counsel to represent defendant on his motion for postconviction DNA testing; and (2) making insufficient findings of fact and conclusions of law in denying defendant's motion for postconviction DNA testing. After careful review, we find no error.

## Background

Defendant was indicted on 19 July 1999 for twenty-eight charges of statutory rape against a 13, 14, or 15-year-old child and one count of resisting, delaying, and obstructing a public officer. Defendant was appointed counsel and pled guilty to fifteen counts of statutory rape. In exchange for the plea, the State dismissed thirteen counts of statutory rape and the resisting, delaying, and obstructing a public officer charge. The trial court consolidated judgment and sentenced defendant to 173 to 217 months imprisonment.

On 14 February 2012, defendant filed *pro se* a motion to locate and preserve evidence, a motion for postconviction DNA testing, and an affidavit of innocence in Pitt County Superior Court. In the motion for postconviction DNA testing, defendant asserted, *inter alia*, that he was incarcerated and indigent. The trial court did not appoint counsel to represent defendant. Without conducting hearings, the trial court denied defendant's motion for postconviction DNA testing in an order entered 7 March 2012 and decided defendant's motion to locate and preserve evidence in an order entered 12 March 2012. Defendant appeals.[1]

## Discussion

## I. Appointment of Counsel

[1] Defendant's first argument on appeal is that the trial court erred by failing to appoint counsel to represent defendant on the motion for post-conviction DNA testing. We disagree.

The standard of review for denial of a motion for postconviction DNA testing has not been expressly stated in a published decision of this Court. We adopt the standard utilized in *State v. Patton*, __ N.C. App. __, __ S.E.2d __, 2012 WL 6590534, at *2, 2012 N.C. App. LEXIS 1406, at *3-5 (No. COA12–507) (Dec. 18, 2012) (unpublished) (internal citation omitted):

> Our standard of review of a denial of a motion for postcon-
> viction DNA testing is analogous to the standard of review
> for a motion for appropriate relief. Findings of fact are
> binding on this Court if they are supported by competent

---

1. Although defendant gave notice of appeal from the order denying his motion to locate and preserve evidence, defendant's arguments on appeal address only the denial of his motion seeking postconviction DNA testing. We therefore deem that he has abandoned his appeal from the order denying his motion to locate and preserve evidence. N.C. R. App. P. 28(b)(6) (2012).

evidence and may not be disturbed absent an abuse of discretion. The lower court's conclusions of law are reviewed *de novo.*

N.C. Gen. Stat. § 15A-269 (2012) provides that a defendant may request postconviction DNA testing of evidence and states in pertinent part:

> (a) A defendant *may make a motion* before the trial court . . . if the biological evidence meets *all of the following conditions:*
>
> (1) *Is* material *to the defendant's defense.*
>
> (2) Is related to the investigation or prosecution that resulted in the judgment.
>
> (3) Meets either of the following conditions:
>
>> a. It was not DNA tested previously.
>>
>> b. It was tested previously, but the requested DNA test would provide results that are significantly more accurate and probative of the identity of the perpetrator or accomplice or have a reasonable probability of contradicting prior test results.

(Emphasis added). Pursuant to subsection (c) of the statute:

> [T]he court shall appoint counsel for the person who brings a motion under this section if that person is indigent. If the petitioner has filed pro se, the court shall appoint counsel for the petitioner in accordance with the rules adopted by the Office of Indigent Defense Services *upon a showing that the DNA testing may be material to the petitioner's claim of wrongful conviction.*

N.C. Gen. Stat. § 15A-269(c) (emphasis added).

Defendant offers two arguments for why the trial court erred in failing to appoint counsel. First, defendant asserts that subsection (c) of the statute is inherently contradictory in that the first sentence mandates that counsel shall be appointed to all indigent defendants filing postconviction DNA motions while the second sentence requires a defendant to show that the DNA testing may be material to his claim of wrongful conviction before being appointed counsel. Defendant argues that this inconsistency in subsection (c) creates ambiguity and that the rule of

lenity requires the ambiguity to be resolved in favor of defendant——that is, that the statute requires appointment of counsel for indigent defendants regardless of a showing of materiality. *See State v. Cates*, 154 N.C. App. 737, 740, 573 S.E.2d 208, 209-10 (2002) (stating that the rule of lenity, which only applies when the wording of a criminal statute is ambiguous, forbids the Court from imposing a penalty on a defendant that was not intended by the Legislature).

However, this Court has already concluded that there is no ambiguity in the statute:

> [A]ccording to the plain language of the statute, a trial court is required to appoint counsel for a defendant bringing a motion under this section only if the defendant makes a showing (1) of indigence and (2) that the DNA testing is material to defendant's claim that he or she was wrongfully convicted.

*State v. Barts*, 204 N.C. App. 596, 696 S.E.2d 923, 2010 WL 2367302, at *1, 2010 N.C. App. LEXIS 979, at *3 (2010) (unpublished) (hereinafter "*Barts I*"). Because there is no ambiguity, the rule of lenity does not apply.

In *Barts I*, the defendant appealed the denial of his motion for post-conviction DNA testing, arguing that N.C. Gen. Stat. § 15A-269, as it existed as the time he filed his motion, required merely that his motion allege that he was indigent in order to require the court to appoint him counsel. At the time the defendant in *Barts I* filed his motion, subsection (c) read as follows: " 'The court shall appoint counsel for the person who brings a motion under this section if that person is indigent.' " 2010 WL 2367302, at *1, 2010 N.C. App. LEXIS 979, at *2; N.C. Gen. Stat. § 15A-269(c) (2007). It was not until 2009 that the General Assembly added the second sentence stating that the trial court must appoint counsel for a *pro se* petitioner "upon a showing that the DNA testing may be material to the petitioner's claim of wrongful conviction." 2009 N.C. Sess. Laws ch. 203, § 5.

In *Barts I*, we concluded that the addition of the second sentence to subsection (c) in 2009 "only made explicit that which was already implied by the language of the statute when read it its entirety"——that a motion is properly brought under subsection (a) only when the defendant sufficiently alleges each condition set forth in subsection (a), which includes the condition that the defendant show the materiality of the DNA testing to his defense. *Barts I*, 2010 WL 2367302, at *2, 2010 N.C. App. LEXIS 979, at *5. We therefore rejected the defendant's argument

that the trial court was required to appoint counsel for an indigent defendant without regard to whether the defendant had any basis for bringing the motion. *Id.* Although *Barts I* is an unpublished opinion and is not controlling legal authority, N.C. R. App. P. 30(e)(3), we find its reasoning persuasive and we hereby adopt it. Accordingly, defendant's argument that N.C. Gen. Stat. § 15A-269A requires the appointment of counsel for all indigent defendants regardless of whether they have made a showing that the DNA testing is material to their claim of wrongful conviction is overruled.

Next, defendant contends that if this Court were to conclude that the statute requires a showing of materiality, the materiality threshold to appoint counsel under subsection (c) (that the testing "may be material" to his claim) is less than the materiality threshold to bring a motion under subsection (a)(1) (that the testing "is material" to his claim). This argument has also been considered and rejected by this Court in *State v. Barts*, __ N.C. App. __, 722 S.E.2d 797, 2012 WL 946438, 2012 N.C. App. LEXIS 370 (2012) (unpublished) (hereinafter "*Barts II*"). There, we cited our reasoning in *Barts I* and we rejected the defendant's argument:

> [W]e reject [d]efendant's contention that the threshold materiality requirement for the appointment of counsel for purposes of N.C. Gen. Stat. § 15A–269(c) is less demanding than that required for actually ordering DNA testing pursuant to N.C. Gen. Stat. § 15A–269(a)(1) and hold that, in order to support the appointment of counsel pursuant to N.C. Gen. Stat. § 15A–269(c), a convicted criminal defendant must make an allegation addressing the materiality issue that would, if accepted, satisfy N.C. Gen. Stat. § 15A–269(a)(1).

*Id.*, 2012 WL 946438, at *5, 2012 N.C. App. LEXIS 370, at *12-13. Although, *Barts II* is also an unpublished opinion and not controlling legal authority, N.C. R. App. P. 30(e)(3), we find its reasoning persuasive, and we hereby adopt it.

Furthermore, we note that while defendant argues that this conclusion renders the appointment of counsel for pro se petitioners regarding postconviction DNA testing motions superfluous, this argument was also addressed and rejected in *Barts II*:

> We are not persuaded by [d]efendant's claim that the adoption of the position that we have deemed appropriate in the text renders the appointment of counsel in DNA testing proceedings superfluous given that, once a defendant

has made a sufficient materiality allegation in his motion and counsel has been appointed to represent him, the defendant's appointed counsel will have responsibility for persuading the trial court to actually order the testing by, among other things, demonstrating that the defendant's allegation of materiality is factually and legally valid; ensuring that any testing ultimately ordered by the trial court is performed in an appropriate manner; and litigating any claim for relief that the defendant elects to assert after receiving the test results.

*Id.*, 2012 WL 946438 at *5 n.3, 2012 N.C. App. LEXIS 370 at *13 n.3.

Next, we must determine if defendant made a sufficient showing of materiality that the court was obligated to appoint him counsel. Pursuant to our holding in *State v. Foster*, __ N.C. App. __, 729 S.E.2d 116 (2012), we must conclude that defendant failed to meet his burden.

In *Foster*, we adopted the conclusion reached in *Barts I*, that the conditions of N.C. Gen. Stat. § 15A-269(a)(1) are "a condition precedent to a trial court's statutory authority to grant" a motion for postconviction DNA testing brought under the statute. __ N.C. App. at __, 729 S.E.2d at 120. We also adopted the reasoning of *State v. Moore*, __ N.C. App. __, 714 S.E.2d 529, 2011 WL 3276748, at *3, 2011 N.C. App. LEXIS 1651, at *7–9 (2011) (unpublished), that where a motion brought under section 15A-269 provided no indication of how or why the requested DNA testing would be material to the petitioner's defense, the motion was deficient and it was not error to deny the request for the DNA testing. *Foster*, __ N.C. App. at __, 729 S.E.2d at 120. According to the reasoning of *Barts I* and *Moore*, we concluded that a defendant carries the burden to make the showing of materiality required by N.C. Gen. Stat. § 15A-269(a)(1) and that this burden requires more than the conclusory statement that " '[t]he ability to conduct the requested DNA testing is material to the [d]efendant's defense.' " *Foster*, __ N.C. App. at __, 729 S.E.2d at 120.

Here, defendant used the identical conclusory statement regarding the materiality of the requested DNA testing as was used by the defendant in *Foster*; he provided no explanation as to why the testing would be material to his defense.[2] In light of our holding in *Foster*, we must

---

2. The recurrence of this conclusory language appears to stem from a standardized form for requesting postconviction DNA testing under section 15A-269A. The form used by defendant contains the pre-printed conclusory language and provides no space to suggest a need to explain the alleged materiality of the testing.

conclude that he has failed to establish a condition precedent to the trial court's authority to grant his motion. We therefore need not address the State's alternative argument that because defendant pled guilty to the charges of which he claims he was wrongfully convicted, defendant presented no "defense" to which the testing could be material.

## II. Findings of Fact and Conclusions of Law

[2] Defendant's final argument is that the trial court erred by failing to make sufficient findings of fact and conclusions of law demonstrating that it analyzed the requirements set forth in section 15A-269. We disagree.

The general rule is that a trial court need only make specific findings of facts and conclusions of law when a party requests the trial court do so in a civil case. *See Couch v. Bradley*, 179 N.C. App. 852, 855, 635 S.E.2d 492, 494 (2006). N.C. Gen. Stat. § 15A-269 contains no requirement that the trial court make specific findings of facts, and we decline to impose such a requirement.

In its order denying defendant's motion, the trial court stated that it reviewed the allegations in defendant's motion and cited N.C. Gen. Stat. § 15A-269(b), which requires that the trial court grant the motion if the conditions in subsection (a) are met. N.C. Gen. Stat. § 15A-269(b) ("The court shall grant the motion . . . upon its determination that . . . the conditions set forth in subdivisions (1), (2), and (3) of subsection (a) of this section have been met[.]"). Based on this, and other findings, the trial court concluded that defendant failed to show the existence of any grounds for relief. We conclude the order is sufficient.

According to defendant, the trial court's findings of fact and conclusions of law were based on an incorrect interpretation of section 15A-269 which precludes all defendants who pled guilty to the crimes for which they were convicted from seeking postconviction DNA testing under this statute. We decline to reach this issue here. As explained above, we conclude defendant did not meet the materiality requirement of subsection (a) and that the trial court properly denied defendant's motion.

## Conclusion

After careful review, we find no error in the trial court's decision not to appoint counsel for defendant on his motion for postconviction DNA testing. The motion was properly denied because defendant failed to make the requisite showing of materiality.

NO ERROR.

Judges McCULLOUGH and DAVIS concur.