An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-836

NORTH CAROLINA COURT OF APPEALS

Filed: 4 March 2014

STATE OF NORTH CAROLINA

v.                                    Johnston County
                                      No. 09 CRS 55879, 56059
VAN BUREN KILLETTE, JR.


Appeal by defendant from order entered 17 January 2013 by Judge Thomas H. Lock in Johnston County Superior Court. Heard in the Court of Appeals 11 December 2013.

> *Roy Cooper, Attorney General, by Laura E. Parker, Assistant Attorney General, for the State.*

> *Staples Hughes, Appellate Defender, by Constance E. Widenhouse, Assistant Appellate Defender, for defendant-appellant.*


STEELMAN, Judge.


Where the evidence in question had already been destroyed and the defendant failed to show that the evidence was biological evidence and material to his defense, the trial court did not err in denying defendant's motion to locate and preserve evidence for DNA testing.

## I. Factual and Procedural Background

On 1 June 2010, Van Buren Killette, Jr., (defendant) pled guilty to one count of second-degree burglary, two counts of second-degree kidnapping, and one count of conspiracy to commit robbery with a dangerous weapon, pursuant to a plea bargain as to sentence. Defendant was sentenced to 27-42 months imprisonment for burglary and kidnapping, and 27-42 months imprisonment for conspiracy, with the sentences to run consecutively.

On 14 June 2010, the State filed a motion to destroy evidence in defendant's cases. This motion was granted on 7 July 2010. The evidence destroyed included duct tape from the crime scene, a pair of defendant's shoes, a brown paper bag containing miscellaneous items of clothing, a brown paper bag containing two multi-colored hoodies, and a brown paper bag containing pieces of duct tape with shoe impressions.

On 10 December 2010, defendant, *pro se*, filed a motion to locate and preserve evidence, a motion for DNA testing, and an affidavit of actual innocence. On 10 January 2013, the trial court heard defendant's motions. On 17 January 2013, the trial court denied defendant's motions.

Defendant appeals.

## II. Standard of Review

"In reviewing a trial judge's findings of fact, we are 'strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law.'" *State v. Allen*, ___ N.C. App. ___, ___, 731 S.E.2d 510, 519, *disc. review denied,* 366 N.C. 415, 737 S.E.2d 377 (2012), *cert. denied,* ___ U.S. ___, 133 S.Ct. 2009, 185 L. Ed. 2d 876 (2013) (quoting *State v. Williams,* 362 N.C. 628, 632, 669 S.E.2d 290, 294 (2008)).

"Issues of statutory construction are questions of law, reviewed de novo on appeal." *McKoy v. McKoy*, 202 N.C. App. 509, 511, 689 S.E.2d 590, 592 (2010).

## III. Materiality of Destroyed Evidence

On appeal, defendant contends that the trial court erred by failing to conduct a hearing regarding the destruction of physical evidence, or to consider an appropriate remedy, and that the trial court erred by denying defendant's motion to preserve evidence for DNA testing. We disagree.

Pursuant to N.C. Gen. Stat. § 15A-268, the State is required to preserve "biological evidence," which

> includes the contents of a sexual assault examination kit or any item that contains blood, semen, hair, saliva, skin tissue, fingerprints, or other identifiable human biological material that may reasonably be used to incriminate or exculpate any person in the criminal investigation, whether that material is catalogued separately on a slide or swab, in a test tube, or some other similar method, or is present on clothing, ligatures, bedding, other household materials, drinking cups, cigarettes, or any other item of evidence.

N.C. Gen. Stat. § 15A-268(a) (2013).  In response to notice that such evidence is to be destroyed, a defendant may request a hearing.  N.C. Gen. Stat. § 15A-268(d).

At the 10 January 2013 hearing, the State stipulated that the evidence in question – duct tape without fingerprints, a pair of shoes and other items of clothing collected from near the crime scene, and a shoe impression – had been destroyed, and asserted that it was not biological evidence pursuant to N.C. Gen. Stat. § 15A-268.  At the close of the hearing, defendant moved that the court conduct a hearing on the destruction of evidence.  The court declined to do so, holding that the State had stipulated that evidence had been destroyed, and that the stipulation would be part of the court's findings.  The trial

court further found that the evidence in question was not biological evidence.

Defendant failed to present evidence at the 10 January 2013 hearing that would support a finding that the destroyed evidence was biological evidence that would merit a hearing on its destruction. The statutory mandates of N.C. Gen. Stat. § 15A-268, including a hearing at defendant's request, apply only to biological evidence. Even assuming *arguendo* that the State did not follow the procedures outlined in N.C. Gen. Stat. § 15A-268, those procedures apply only to biological evidence. We hold that the trial court did not err in denying defendant's request for a hearing.

Defendant further contends that the trial court erred in denying his motion to preserve evidence for DNA testing. N.C. Gen. Stat. § 15A-269 provides that a defendant may file a motion for post-conviction DNA testing of biological evidence provided that the evidence in question:

> (1) Is material to the defendant's defense.
>
> (2) Is related to the investigation or prosecution that resulted in the judgment.
>
> (3) Meets either of the following conditions:
>
> a. It was not DNA tested previously.

> b. It was tested previously, but the requested DNA test would provide results that are significantly more accurate and probative of the identity of the perpetrator or accomplice or have a reasonable probability of contradicting prior test results.

N.C. Gen. Stat. § 15A-269(a) (2013). As noted above, the trial court found that the evidence in question was not biological evidence, and that the evidence had been destroyed. Nowhere in defendant's 10 December 2010 motion to preserve evidence, nor during the 10 January 2013 hearing, did defendant offer any support for an argument that the evidence in question was material. Defendant offers only the vague allegation that the evidence was material, without arguing why it was material. We have previously held that a mere conclusory statement that evidence is material, without more, is not sufficient to support a motion to conduct DNA testing. *State v. Gardner*, ___ N.C. App. ___, ___, 742 S.E.2d 352, 356, *disc. review denied,* ___ N.C. ___, 749 S.E.2d 860 (2013) (citing *State v. Foster*, ___ N.C. App. ___, ___, 729 S.E.2d 116, 120 (2012)). In the absence of a showing that the evidence in question was material, we hold that the trial court did not err in denying defendant's motion to preserve evidence for DNA testing.

This argument is without merit.

AFFIRMED.

Judges STEPHENS and DAVIS concur.

Report per Rule 30(e).