An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1165

NORTH CAROLINA COURT OF APPEALS

Filed:  6 May 2014

STATE OF NORTH CAROLINA

v.                              Johnston County
                                No. 02 CRS 52867
TARVARIS NOVACK MICKENS


Appeal by defendant from order entered 31 May 2013 by Judge Gale Adams in Johnston County Superior Court.  Heard in the Court of Appeals 31 March 2014.

> *Roy Cooper, Attorney General, by Anne M. Middleton, Assistant Attorney General, for the State.*
>
> *Peter Wood for defendant-appellant.*


DAVIS, Judge.

Defendant Tarvaris Novack Mickens ("Defendant") appeals from the denial of his motion for post-conviction DNA testing. After careful review, we affirm the trial court's order denying his motion.

## Factual Background

On 19 December 2003, Defendant was convicted by a jury of first-degree murder, and the trial court sentenced Defendant to

life imprisonment without parole. Defendant appealed, and this Court found no error. *State v. Mickens*, 171 N.C. App. 364, 615 S.E.2d 96 (2005) (unpublished).

On 23 November 2010, Defendant filed a *pro se* motion for post-conviction DNA testing pursuant to N.C. Gen. Stat. § 15A-269, requesting DNA testing of four items, including several shell casings and "fired projectiles," which were not previously subjected to testing. On 21 February 2013, Defendant filed an amended motion following the appointment of counsel. The trial court conducted a hearing on the motion on 3 May 2013. In an order entered 31 May 2013, the trial court denied Defendant's motion based upon its findings that (1) "DNA testing of the requested items is not material to the defendant's defense"; and (2) "there does not exist a reasonable probability that the verdict in the defendant's case would have been more favorable to the defendant if the DNA testing being requested had been conducted on the evidence." From this order, Defendant appealed to this Court.

## Analysis

Counsel appointed to represent Defendant has been unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal and asks that this Court conduct

its own review of the record for possible prejudicial error. Counsel has also shown to the satisfaction of this Court that he has complied with the requirements of *Anders v. California*, 386 U.S. 738, 18 L.Ed.2d 493 (1967), and *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985), by advising Defendant of his right to file written arguments with this Court and providing him with the documents necessary for him to do so.

N.C. Gen. Stat. § 15A-269 provides in pertinent part:

> (a) A defendant may make a motion before the trial court that entered the judgment of conviction against the defendant for performance of DNA testing . . . if the biological evidence meets all of the following conditions:
>
> (1) Is material to the defendant's defense.
>
> (2) Is related to the investigation or prosecution that resulted in the judgment.
>
> (3) Meets either of the following conditions:
>
> > a. It was not DNA tested previously.
> >
> > b. It was tested previously, but the requested DNA test would provide results that are significantly more accurate and probative of the identity of the perpetrator or accomplice or have a reasonable probability of contradicting prior test results.
>
> (b) The court shall grant the motion for DNA

testing and, if testing complies with FBI requirements, the run of any profiles obtained from the testing, upon its determination:

(1) The conditions set forth in subdivisions (1), (2), and (3) of subsection (a) of this section have been met;

(2) If the DNA testing being requested had been conducted on the evidence, there exists a reasonable probability that the verdict would have been more favorable to the defendant; and

(3) The defendant has signed a sworn affidavit of innocence.

N.C. Gen. Stat. § 15A-269(a)-(b) (2013).

Our Court has recently explained that biological evidence is "material" for purposes of N.C. Gen. Stat. § 15A-269(a)(1) if "there is a reasonable probability that its disclosure to the defense would result in a different outcome in the jury's deliberation." *State v. Hewson*, ___ N.C. App. ___, ___, 725 S.E.2d 53, 56 (2012) (citation and quotation marks omitted). The burden is on the defendant to show that the biological evidence requested is material to his defense. *See State v. Foster*, ___ N.C. App. ___, ___, 729 S.E.2d 116, 120 (2012) ("The burden is on defendant to make the materiality showing required in N.C. Gen. Stat. § 15A-269(a)(1).").

Here, the trial court determined that "based upon [the] witness testimony at trial and the defendant's admissions made under oath at trial," (1) Defendant could not establish that the DNA testing of the requested items was material to his defense; and (2) there was no reasonable probability that the verdict in Defendant's case would be more favorable if the DNA testing being requested had been conducted. The record evidence that (1) Defendant testified at trial and admitted to firing the shot that killed the victim; (2) two witnesses testified to observing the altercation between Defendant and the victim and then hearing the gunshots; and (3) a third witness testified regarding a telephone conversation where Defendant told the witness that he had just killed the victim, supports the trial court's determination that the DNA testing requested would not be material to Defendant's defense.

We agree with the trial court that in light of the evidence in this case — particularly Defendant's admission that he "in fact fired the shot that killed [the victim]" — Defendant cannot show that testing the shell casings and projectiles for DNA evidence could reasonably alter the outcome of the proceeding. The trial court's determination that Defendant had failed to show materiality supports its ultimate conclusion that

Defendant's motion for post-conviction DNA testing must be denied. *See State v. Gardner*, ___ N.C. App. ___, ___, 742 S.E.2d 352, 356 (holding that showing of materiality is "a condition precedent to a trial court's statutory authority to grant a motion for postconviction DNA testing" (citation and quotation marks omitted)), *disc. review denied*, ___ N.C. ___, 749 S.E.2d 860 (2013).

Defendant has not filed any written arguments on his own behalf with this Court and a reasonable time in which he could have done so has passed. In accordance with *Anders*, we have fully examined the record to determine whether any issues of arguable merit appear therein. We have examined the record for possible prejudicial error and found none.

### Conclusion

For the reasons set out above, we affirm the trial court's order denying Defendant's motion for post-conviction DNA testing.

AFFIRMED.

Judges McGEE and ELMORE concur.

Report per Rule 30(e).