NO. COA14-958

 NORTH CAROLINA COURT OF APPEALS

 Filed: 17 February 2015

 STATE OF NORTH CAROLINA,

 v. Gaston County
 No. 04-CRS-57497-98

 Victor Lee Turner,
 Defendant.

 Appeal by Defendant from order entered 21 May 2014 by Judge

Jesse B. Caldwell, III in Gaston County Superior Court. Heard in

the Court of Appeals on 6 January 2015.

 Attorney General Roy Cooper, by Assistant Attorney General
 Laura Edwards Parker, for the State.

 Don Willey for defendant-appellant.

 HUNTER, JR., Robert N., Judge.

 Victor Lee Turner (“Defendant”) appeals from an order denying

his motion for postconviction DNA testing pursuant to N.C. Gen.

Stat. §§ 15A-267, 268, 269, and 270 (2013). Defendant contends

that the trial court erred in (1) denying Defendant’s motion for

DNA testing, and (2) failing to consider Defendant’s request for

the appointment of counsel pursuant to N.C. Gen. Stat. § 15A-
 -2-
269(c). For the following reasons, we find no error and affirm

the trial court’s order.

 I. Factual & Procedural History

 On 13 April 2005, Defendant pled guilty, in accordance with

a plea agreement, to robbery with a dangerous weapon, first degree

rape, possession of a firearm by a felon, two counts of first

degree sexual offense, crime against nature, first degree

kidnapping, and felony possession of cocaine. The facts presented

as a foundation for the plea tended to show the following.

 On the evening of 27 April 2004, Penelope Jones (“Ms.

Jones”),1 an employee of the Days Inn Motel in Gastonia, reported

that she had been robbed and sexually assaulted while working as

the night shift clerk. Officers from the Gastonia Police

Department responded to the scene and, after interviewing Ms.

Jones, transported her to the hospital. There, hospital personnel

collected DNA specimens from Ms. Jones and placed the specimens

into a sexual assault evidence kit. Gastonia Police took custody

of the sexual assault evidence kit and placed it into evidence at

the police station.

 Subsequent investigation led police to identify Defendant as

a suspect, and Defendant’s DNA was sent to the State Bureau of

1
 The victim’s name has been changed to protect her identity.
 -3-
Investigation (“SBI”) for comparison with the DNA collected from

the scene and from Ms. Jones’ sexual assault evidence kit. A

forensic biologist with the SBI analyzed the DNA samples and

determined that the DNA profile obtained from Ms. Jones’ thigh

matched Defendant’s DNA profile. The SBI analyst further found

that the DNA profile obtained from Ms. Jones’ vaginal swab was

consistent with a mixture of DNA profiles of Ms. Jones and

Defendant. The SBI analyst’s report indicates that the DNA profile

obtained from Ms. Jones’ thigh is approximately “9.62 million

trillion times more likely to be observed if it came from

[Defendant] than if it came from another unrelated individual in

the N.C. Black population.”

 On 17 May 2004, Defendant was indicted for robbery with a

dangerous weapon, first degree rape, possession of a firearm by a

felon, two counts of first degree sexual offense, crime against

nature, and first degree kidnapping. On 13 April 2005, Defendant

pled guilty to all crimes for which he was indicted, as well as an

unrelated felony possession of cocaine charge. The trial court

consolidated the convictions into two judgments and imposed

consecutive active terms of imprisonment of 61 to 83 months and

275 to 339 months.
 -4-
 Eight years later, on 17 June 2013, Defendant filed a pro se

”Motion for DNA Testing” in Gaston County Superior Court, citing

N.C. Gen. Stat. §§ 15A-267, 268, 269, and 270. Defendant’s motion

alleges, inter alia, that “the ability to conduct the requested

DNA testing is material to defendant[’]s defense.”

 On 21 May 2014, Superior Court Judge Jesse B. Caldwell, III

entered an order denying Defendant’s motion for DNA testing without

hearing. The trial court found that “the statutes

Defendant/Petitioner cites relate to DNA testing before trial, and

that no other legal basis exists to merit the

Defendant/Petitioner’s Motion[.]” Defendant’s written notice of

appeal was untimely filed on 16 June 2014; however, Defendant filed

a petition for writ of certiorari with this Court on 13 October

2014. We allow Defendant’s petition for writ of certiorari to

address the underlying legal issues.

 II. Jurisdiction

 Jurisdiction lies in this Court pursuant to Rule 21 of the

North Carolina Rules of Appellate Procedure, which provides for

appellate review under the extraordinary writ of certiorari. “The

writ of certiorari may be issued in appropriate circumstances by

either appellate court to permit review of the judgments and orders
 -5-
of trial tribunals when the right to prosecute an appeal has been

lost by failure to take timely action.” N.C. R. App. P. 21(a)(1).

 III. Standard of Review

 “Our standard of review of a denial of a motion for

postconviction DNA testing is analogous to the standard of review

for a motion for appropriate relief.” State v. Gardner, ___ N.C.

App. ___, ___, 742 S.E.2d 352, 354 (2013). Therefore, the lower

court’s “[f]indings of fact are binding on this Court if they are

supported by competent evidence and may not be disturbed absent an

abuse of discretion. The lower court’s conclusions of law are

reviewed de novo.” Id.

 IV. Analysis

 On appeal, Defendant presents two arguments of error. First,

Defendant argues that the trial court erred in concluding that

Defendant’s “Motion for DNA Testing” cited only statutes for

pretrial DNA testing, and thus the trial court erred in denying

Defendant’s motion. Second, Defendant argues that the trial court

erred in failing to consider his request for the appointment of

counsel, in violation of N.C. Gen. Stat. § 15A-269(c). We address

these arguments in turn.
 -6-
A. Defendant’s Motion for DNA Testing

 Defendant cites N.C. Gen. Stat. §§ 15A-267, 268, 269, and 270

as the legal basis for his entitlement to DNA testing. He errs in

part. The only statute relevant here is N.C. Gen. Stat. § 15A-

269. The other statutes do not apply to this case. Section 15A-

267 pertains to pretrial access to DNA samples from the crime

scene. Section 15A-268 pertains to the preservation of biological

evidence collected at the scene. Defendant’s motion does not

contend that the evidence in this case has been improperly

preserved. Section 15A-270 pertains to post-test procedures after

the trial court grants a motion for postconviction DNA testing.

Therefore, we need only analyze Defendant’s legal claims under

N.C. Gen. Stat. § 15A-269, which addresses requests for

postconviction DNA testing.

 N.C. Gen. Stat. § 15A-269 provides:

 (a) A defendant may make a motion before the
 trial court . . . if the biological evidence
 meets all of the following conditions:
 (1) Is material to the defendant’s
 defense.
 (2) Is related to the investigation or
 prosecution that resulted in the
 judgment.
 (3) Meets either of the following
 conditions:
 a. It was not DNA tested previously.
 b. It was tested previously, but the
 requested DNA test would provide
 results that are significantly more
 -7-
 accurate and probative of the
 identity of the perpetrator or
 accomplice or have a reasonable
 probability of contradicting prior
 test results.

N.C. Gen. Stat. § 15A-269 (2013). By the plain language of the

statute, the burden is on the defendant to make the required

showing under each subsection (1), (2), and (3) before the trial

court. As in a proceeding for a postconviction motion for

appropriate relief, “the moving party has the burden of proving by

the preponderance of the evidence every fact to support his

motion.” State v. Adcock, 310 N.C. 1, 37, 310 S.E.2d 587, 608

(1983). Absent the required showing, the trial court is not

statutorily obligated to order postconviction DNA testing. See

State v. Foster, ___ N.C. App. ___, ___, 729 S.E.2d 116, 120

(2012); see also State v. McLean, ___ N.C. App. ___, ___, 753

S.E.2d 235, 239 (2014) (so holding in the context of pretrial

motions for DNA testing).

 With regard to the materiality element set forth in section

(a)(1), we held in State v. Gardner that “where a motion brought

under [subsection (a)(1)] provided no indication of how or why the

requested DNA testing would be material to the petitioner’s

defense, the motion was deficient and it was not error to deny the

request for the DNA testing.” ___ N.C. App. at ___, 742 S.E.2d at
 -8-
354 (2013); see also Foster, ___ N.C. App. at ___, 729 S.E.2d at

120. In Gardner, the defendant pled guilty to fifteen counts of

statutory rape. Gardner, ___ N.C. App. at ___, 742 S.E.2d at 353.

The trial court consolidated judgment and sentenced the defendant

to 173 to 217 months imprisonment. Id. Eleven years later, the

defendant filed a pro se motion for postconviction DNA testing.

Id. In his motion, with regard to the materiality element, the

defendant asserted only the conclusory statement that DNA testing

would be material to his defense. Id. at ___, 742 S.E.2d at 356.

This Court upheld the trial court’s denial of the defendant’s

motion for postconviction DNA testing, holding that the

defendant’s burden of showing materiality requires more than a

conclusory statement. Id.

 This case is indistinguishable from Gardner. Here,

Defendant’s motion for DNA testing contains only the following

conclusory statement regarding materiality: “The ability to

conduct the requested DNA testing is material to defendant[’]s

defense[.]” This is the identical conclusory statement that was

used by the defendants in Gardner and Foster. As in Gardner and

Foster, we hold that Defendant’s motion in this case is

insufficient to satisfy his burden under N.C. Gen. Stat. § 15A-

269. Because we find that Defendant failed to establish a
 -9-
condition precedent to the trial court’s authority to grant his

motion (i.e., materiality), we do not reach the State’s argument

that a defendant can never establish materiality for

postconviction DNA testing after entering a guilty plea.

 While the trial court correctly denied Defendant’s motion for

DNA testing, we recognize that the trial court’s reasoning for

reaching that conclusion was somewhat flawed. The trial court’s

order denying Defendant’s motion states that “the statutes

Defendant/Petitioner cites relate to DNA testing before trial, and

that no other legal basis exists to merit the

Defendant/Petitioner’s Motion.” This conclusion is erroneous, as

Defendant’s motion clearly cites N.C. Gen. Stat. § 15A-269 as one

legal basis for his motion—a statute providing exclusively for

requests for postconviction DNA testing. Nevertheless, because

the trial court reached the correct conclusion—that Defendant’s

motion for DNA testing should be denied—we affirm its order.

“[E]ven if dismissal was for the wrong reason, a trial court’s

ruling must be upheld if it is correct upon any theory of law, and

thus it should not be set aside merely because the court gives a

wrong or insufficient reason for [it].” Templeton v. Town of

Boone, 208 N.C. App. 50, 54, 701 S.E.2d 709, 712 (2010) (internal

quotation marks omitted); see also Payne v. Buffalo Reinsurance
 -10-
Co., 69 N.C. App. 551, 555, 317 S.E.2d 408, 411 (1984) (“[A]

judgment that is correct must be upheld even if it was entered for

the wrong reason.”).

 Therefore, we affirm the result of the trial court denying

Defendant’s motion for DNA testing.

B. Defendant’s Request for Appointment of Counsel

 Defendant’s second and final argument on appeal is that the

trial court erred in failing to consider Defendant’s request for

the appointment of counsel pursuant to N.C. Gen. Stat. § 15A-

269(c), which provides that

 [i]n accordance with rules adopted by the
 Office of Indigent Defense Services, the court
 shall appoint counsel for the person who
 brings a motion under this section if that
 person is indigent. If the petitioner has
 filed pro se, the court shall appoint counsel
 for the petitioner in accordance with rules
 adopted by the Office of Indigent Defense
 Services upon a showing that the DNA testing
 may be material to the petitioner’s claim of
 wrongful conviction.

N.C. Gen. Stat. § 15A-269(c) (2013). Defendant argues that,

pursuant to this statute, the trial court should have either

appointed him counsel or held a hearing to determine whether DNA

testing “may be material to [his] claim of wrongful conviction.”

However, in Gardner, we rejected this identical argument. In

Gardner, we held that “ ‘[a]ccording to the plain language of the
statute, a trial court is required to appoint counsel for a

defendant bringing a motion under this section only if the

defendant makes a showing (1) of indigence and (2) that the DNA

testing is material to defendant’s claim that he or she was

wrongfully convicted.’ ” Gardner, ___ N.C. App. at ___, 742 S.E.2d

at 355 (quoting State v. Barts, 204 N.C. App. 596, 696 S.E.2d 923,

2010 WL 2367302, at *1 (June 15, 2010) (unpublished)). Therefore,

an indigent defendant must make a sufficient showing of materiality

before he is entitled to appointment of counsel. Id. at ___, 742

S.E.2d at 355 (“[I]n order to support the appointment of counsel

pursuant to N.C. Gen. Stat. § 15A-269(c), a convicted criminal

defendant must make an allegation addressing the materiality issue

that would, if accepted, satisfy N.C. Gen. Stat. § 15A-

269(a)(1).”).

 Here, because we hold that Defendant has not met his burden

of showing materiality under N.C. Gen. Stat. § 15A-269(a)(1), he

is not entitled to the appointment of counsel, and the trial court

did not err in failing to consider his request for counsel.

 V. Conclusion

 For the foregoing reasons, we affirm the order of the trial

court denying Defendant’s motion for DNA testing.

 Affirmed.

 Judges BRYANT and STROUD concur.