STROUD, Judge.
Defendant David Kristopher Owle appeals from an order of Judge Bradley B. Letts dated on or about 27 August 2014 that denied his pro semotion for DNA testing. Because defendant did not meet his burden of showing how or why the requested DNA testing would be material to his defense, we affirm the superior court's order.
Defendant is currently incarcerated upon his 2009 guilty plea to the charge of statutory sexual offense of a person. On 23 July 2014, defendant filed a pro semotion with the Superior Court, Jackson County to locate and preserve evidence and for DNA testing. In the motion, defendant asserted that he was entitled to a more thorough examination of DNA evidence found on several items related to the investigation and prosecution of his case. Defendant claimed the evidence was not previously subjected to DNA testing or could now be subjected to newer and more accurate forms of DNA testing, and that the ability to conduct the requested DNA testing is material to his defense.
On 6 August 2014, the superior court entered an order directing the State to "prepare an inventory of biological evidence relevant to [ ] defendant's case or provide documentation regarding the destruction of" such evidence. The State filed a response on 26 August 2014, asserting that no biological evidence was seized in defendant's case, and thus no inventory or order for the destruction of such evidence exists. Based on the State's response, the superior court denied defendant's motion to preserve evidence and motion for DNA testing by order dated on or about 27 August 2014. Defendant filed timely notice of appeal from the court's order.
Defendant now argues that the superior court erred in denying his request for court-appointed counsel to represent him on his motion for DNA testing and in denying the motion itself. We disagree. "Our standard of review of a denial of a motion for post[-]conviction DNA testing is analogous to the standard of review for a motion for appropriate relief." State v. Gardner,---N.C.App. ----, ----, 742 S.E.2d 352, 354, disc. review denied,---- N.C. ----, 749 S.E.2d 860 (2013). Under this standard, the lower court's "[f]indings of fact are binding on this Court if they are supported by competent evidence and may not be disturbed absent an abuse of discretion. The lower court's conclusions of law are reviewed de novo." Id.
A defendant may request post-conviction DNA testing of biological evidence if the evidence meets all of the following conditions:
(1) Is material to the defendant's defense.
(2) Is related to the investigation or prosecution that resulted in the judgment.
(3) Meets either of the following conditions:
a. It was not DNA tested previously.
b. It was tested previously, but the requested DNA test would provide results that are significantly more accurate and probative of the identity of the perpetrator or accomplice or have a reasonable probability of contradicting prior test results.
N.C. Gen.Stat. § 15A-269(a) (2013). Moreover, where a defendant files a pro semotion for DNA testing, "the court shall appoint counsel for the [defendant] in accordance with rules adopted by the Office of Indigent Defense Services upon a showing that the DNA testing may be material to the [defendant's] claim of wrongful conviction." N.C. Gen.Stat. § 15A-269(c) (2013) (emphasis added).
This Court has held that "where a motion brought under [subsection (a)(1) ] provided no indication of how or why the requested DNA testing would be material to the [defendant's] defense, the motion was deficient and it was not error to deny the request for the DNA testing." Gardner,--- N.C.App. at ----, 742 S.E.2d at 356. Similarly, before an indigent defendant is entitled to the appointment of counsel to represent him on his pro semotion, he "must make an allegation addressing the materiality issue that would, if accepted, satisfy N.C. Gen.Stat. § 15A-269(a)(1)." Id.at ----, 742 S.E.2d at 355.
Here, as in Gardner,defendant has provided no indication of how or why the requested DNA testing would be material to his defense. See id.at ----, 742 S.E.2d at 356. In his motion, defendant merely made the conclusory statement that "[t]he ability to conduct the requested DNA testing is material to the Defendant's defense." This is the identical conclusory statement that was used by the defendants in Gardnerand rejected by this Court. See id.at ----, 742 S.E.2d at 356. We thus hold that defendant failed to satisfy his burden under N.C. Gen.Stat. § 15A-269(a)(1), and the superior court did not err in denying the motion. See id.,at ----, 742 S.E.2d at 356. Defendant's failure to satisfy this burden also justifies the superior court's denial of his request for the appointment of counsel to represent him on the motion. See id.at ----, 742 S.E.2d at 355. Accordingly, we affirm the superior court's order denying defendant's motion for DNA testing.
AFFIRMED.
Judges DAVIS and INMAN concur.
Report per Rule 30(e).
Opinion
Appeal by defendant from order entered on or about 27 August 2014 by Judge Bradley B. Letts in Superior Court, Jackson County. Heard in the Court of Appeals 20 July 2015.