DAVIS, Judge.
Silvano Barrera ("Defendant") appeals from the trial court's order denying his post-conviction motion to locate and preserve evidence and for DNA testing under N.C. Gen. Stat. § 15A-269. After careful review, we affirm.
Factual and Procedural Background
In 2011, Defendant was indicted for two counts of first-degree sexual offense and one count of taking indecent liberties with children in Mecklenburg County Superior Court. On 23 April 2012, he entered an Alford[1] plea to two counts of attempted first-degree sexual offense. Pursuant to the parties' written plea arrangement, the State dismissed several of the other charges against him, and the trial court consolidated Defendant's two offenses and sentenced him to an active prison term of 157 to 198 months. Defendant did not appeal.
On 4 January 2016, Defendant filed a motion to locate and preserve evidence and for post-conviction DNA testing, in which he sought DNA testing of buccal swabs, blood, hair samples, documents, clothing, and personal effects that had been collected pursuant to a search warrant executed by members of a law enforcement agency. Defendant's motion alleged that the State Crime Lab had failed to subject this evidence to DNA testing and that "the requested DNA testing is material to the Defendant's exoneration," because "the results would prove that the Defendant was not the perpetrator of the crime." He further asserted that "the alleged victim falsely accused [him] for said crimes when [he] had been an excellent father model-figure and refused to accept any lack of respect in the house."
On 29 January 2016, the trial court entered an order denying Defendant's motion. The court found that "Defendant's Motion lacks any explanation of how the evidence would be material to the defense" and, therefore, "fails to meet the materiality showing required by [N.C. Gen. Stat.] § 15A-269." Defendant filed timely notice of appeal from the order.
Analysis
Counsel appointed to represent Defendant on appeal has been unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal and asks that this Court conduct its own review of the record for possible prejudicial error. Counsel has also shown to the satisfaction of this Court that he has complied with the requirements of Anders v. California , 386 U.S. 738, 18 L.Ed. 2d 493 (1967), and State v. Kinch , 314 N.C. 99, 331 S.E.2d 665 (1985), by advising Defendant of his right to file written arguments with this Court and providing him with the documents necessary for him to do so. Defendant filed a pro se "Addendum to Defendant Appellant's Brief" on 22 December 2016.
On appeal, Defendant argues that the trial court erred in denying his motion to locate and preserve evidence and for post-conviction DNA testing. In order to obtain post-conviction DNA testing, "a defendant carries the burden to make the showing of materiality required by N.C. Gen. Stat. § 15A-269(a)(1)." State v. Gardner , 227 N.C. App. 364, 369, 742 S.E.2d 352, 356, disc. review denied , 367 N.C. 252, 749 S.E.2d 860 (2013).
This Court has repeatedly found generalized assertions that DNA evidence would prove innocence to be insufficient to show materiality absent "specific reasons that the requested DNA test would be significantly more accurate and probative of the identity of the perpetrator or accomplice." State v. Cox , --- N.C. App. ----, ----, 781 S.E.2d 865, 869 (2016) (citation and quotation marks omitted and emphasis added); see also Gardner , 227 N.C. App. at 370, 742 S.E.2d at 356 (holding burden of materiality not met where defendant provided no explanation as to why testing was material to his defense); State v. Foster , 222 N.C. App. 199, 205, 729 S.E.2d 116, 120 (2012) (holding burden of materiality not met where defendant's motion merely stated "[t]he ability to conduct the requested DNA testing is material to Defendant's defense" (quotation marks omitted)).
Here, Defendant's motion for post-conviction DNA testing alleged that (1) the listed evidence had not been subjected to DNA testing; (2) "the requested DNA testing is material to the Defense," because "the results would prove that the Defendant was not the perpetrator of the crime"; and (3) "the alleged victim falsely accused [him] for said crimes when [he] had been an excellent father model-figure and refused to accept any lack of respect in the house." On appeal, he contends the trial court's denial of his motion violated "his fundamental right to present a complete defense, as such could possibly establish his innocence." He argues that despite "all the physical and biological evidence collected by Mecklenburg County, none of them can show beyond reasonable doubt that: 1) [a]ny child was sexually molested nor abused or 2) [he] participated in any illegal sexual misconduct against the children." Because of these weaknesses in the evidence, he argues, the State should have "preserved and tested for DNA where the results would prove that [he] was not the perpetrator of the crime."
Defendant's allegations are both too conclusory and otherwise insufficient to establish materiality under N.C. Gen. Stat. § 15A-269(a)(1). Moreover, Defendant's theory of the case alleges that the victim fabricated her allegations against him. Therefore, his own theory undermines the possibility of exculpatory DNA evidence because, under his theory, any DNA testing would merely produce a lack of incriminating evidence that would establish his guilt beyond a reasonable doubt. Because he pled guilty to the charges against him, Defendant is not aided by a mere absence of incriminating DNA material. See generally State v. Caldwell , 269 N.C. 521, 526, 153 S.E.2d 34, 37-38 (1967) (providing that a guilty plea waives the defendant's right to contest the evidence against him and any other non-jurisdictional defenses). Accordingly, the trial court did not err by denying Defendant's motion to locate and preserve evidence and for post-conviction DNA testing.[2]
Conclusion
For the reasons stated above, we affirm the trial court's 29 January 2016 order.
AFFIRMED.
Report per Rule 30(e).
Judges BRYANT and ZACHARY concur.

North Carolina v. Alford, 400 U.S. 25, 37-39, 27 L.Ed. 2d 162, 171-72 (1970) (allowing a defendant to plead guilty to an offense while maintaining his factual innocence).

Defendant raises several additional issues that are not properly before this Court on appeal from the trial court's denial of a motion for post-conviction DNA testing. Specifically, he claims that (1) the State relied exclusively on "hearsay testimony" to convict him; (2) his counsel "refused to ask the court for DNA testing"; (3) he was denied his right to confront the witnesses against him; and (4) his statement to police was inadmissible. None of these claims were passed upon by the trial court in denying relief to Defendant under N.C. Gen. Stat. § 15A-269, and we decline to address them for the first time on appeal.