STATE OF NORTH CAROLINA v. ROBERT HUGH HEWSON

No. COA11-1208

(Filed 17 April 2012)

## 1. Criminal Law—post-conviction DNA testing—motion failed to meet criteria for testing

The trial court did not err in a first-degree murder, discharge of a weapon into occupied property, and misdemeanor violation of a domestic violence protective order case by denying defendant's motion for post-conviction, independent DNA testing. There was no reasonable probability that the disclosure of DNA evidence in support of defendant's contention would result in a different outcome in a jury's deliberation and defendant's motion failed to meet the criteria for a request for post-conviction DNA testing pursuant to N.C.G.S. § 15A-269(a)(1).

## 2. Appeal and Error—post-conviction DNA testing—motion failed to meet criteria for testing—remaining arguments not addressed

Where the trial court had sufficient bases to determine that post-conviction, independent DNA testing was not material to defendant's defense and, thus, had grounds to deny defendant's motion for post-conviction DNA testing pursuant to N.C.G.S. § 15A-269(a), the Court of Appeals did not address defendant's remaining arguments.

Appeal by defendant from order entered 15 July 2011 by Judge Phyllis M. Gorham in New Hanover County Superior Court. Heard in the Court of Appeals 8 February 2012.

**STATE v. HEWSON**

[220 N.C. App. 117 (2012)]

*Attorney General Roy Cooper, by Assistant Attorney General LaToya B. Powell, for the State.*

*William D. Spence for defendant-appellant.*

BRYANT, Judge.

Where the evidence supported the trial court's finding that post-conviction DNA testing would not be material to defendant's defense, we affirm the trial court's order denying defendant's motion for post-conviction, independent DNA testing.

On 8 November 2005, judgment and commitments were entered against defendant Robert Hewson in New Hanover County Superior Court for the offenses of first-degree murder, discharge of a weapon into occupied property, and misdemeanor violation of a domestic violence protective order. Defendant was sentenced to life imprisonment without parole for the offense of first-degree murder and, for the remaining offenses, a consecutive active sentence of twenty-five to thirty-nine months. This Court heard defendant's appeal from those convictions on 6 December 2006. In *State v. Hewson*, 182 N.C. App. 196, 642 S.E.2d 459 (2007), this Court found no error and, in the recitation of facts, noted that "[o]n the first-degree murder charge, the jury returned a guilty verdict based upon malice, premeditation, and deliberation, and based upon felony murder, with the underlying felony being discharging a weapon into occupied property." *Id.* at 200, 642 S.E.2d at 463.

On 16 September 2010, defendant, acting *pro se*, filed a "Motion for Employment of Funds: Seeking Post D.N.A. Measurements and Independent Analysis" in New Hanover County Superior Court. In recounting the procedural history, defendant noted that "[a]s routine homicide investigations are evaluated, several items of potential evidence were seized by the Wilmington Police Department for such person to test items for incriminating and exculpatory matter." As a basis for his motion for DNA analysis, defendant states that "[i]tems of D.N.A. testing have went [sic] untested for gunshot residue; and others have been tested, but an independent forensic testing would hold a reasonable probability of contradicting the prior test results of the S.B.I. laboratory."

On 13 October 2010, the Superior Court issued an order requiring that the New Hanover County Public Defender's Office be appointed to represent defendant on his motion.

On 15 November 2010, defendant filed an Amended Motion for Post-Conviction Independent Testing of DNA and Other Evidence. Defendant alleged the following:

> 3. It is alleged on information and belief that there was DNA evidence obtained during the investigation of this case. Said DNA was obtained from the clothing of the [defendant] and from the window sill [sic] and other areas of the crime scene, from the victim and from the [defendant]. Further, blood was noted on the Smith and Wesson 38 caliber revolver found at the crime scene.
>
> 4. Significant advances have been made in the science of DNA testing. . . .
>
> 5. Recent revelations regarding malfeasance, misfeasance and nonfeasance in the S.B.I. serology section has led to an investigation to review SBI crime lab practices . . . .
>
> . . .
>
> 7. The DNA evidence sought to be independently tested is material to the [defendant's] defense and is related to the investigation or prosecution that resulted in the verdict and judgment in this case.
>
> . . .
>
> THEREFORE, based on the foregoing, the [defendant] requests the following:
>
> 1. That the State be ordered to produce the dna [sic] material gathered in this case and have it re-tested by an independent laboratory.

On 12 April 2011, defendant filed a "Summary of Evidence for Motion for Post-Conviction Independent Testing of DNA and Other Evidence," wherein defendant stated the following:

> 1. At trial, DNA evidence was used to support the State's theory that the [defendant] was not inside the victim's house at the time, or immediately before, the victim died of gunshot wounds and to connect the [defendant] to the gun.
>
> . . .

3. The results of the DNA testing were used to link the [defendant] to the gun and to support the State's theory that the [defendant] was at all times outside the victim's house, never shooting from inside the house, and that the victim was the only person inside the house.

4. The [defendant] was convicted of first degree murder on the basis of malice, premeditation and deliberation, as well as under the felony murder rule. The predicate felony under the felony murder rule was discharging a firearm into occupied property.

5. Whether or not the [defendant] was in the house immediately before the victim's death is relevant under both first degree murder theories. The [defendant] could not be guilty of the predicate felony of shooting into occupied property if he was inside the property himself. Similarly, the [defendant's] presence outside the home was the basis for the State's theory that the [defendant] acted in a premeditated and deliberate way.

A hearing on defendant's motion was held on 11 May 2011. During the hearing, defendant signed an Affidavit Supporting the Motion for Post-Conviction Independent Testing of DNA and Other Evidence. In his motion, defendant makes the following averments:

1. That I was convicted of first degree murder based on felony murder and premeditation and deliberation;

2. That I am actually innocent of first degree murder because:

   a. I did not premeditate and deliberate, and form a specific intent to kill Gail Tice [Hewson];

   b. I did not shoot do not recall whether or not I shot into an occupied dwelling.

3. I am actually innocent of first degree murder and therefore entitled to relief under N.C.G.S.15A-269.

(Edits included in the original document).

On 15 July 2011, the trial court entered an order denying defendant's motion for post-conviction independent DNA testing. The court made the following findings of fact:

1. The affidavit presented to the Court is insufficient, specifically the part of the affidavit in which the Defendant says that, "I do not recall whether or not I shot into an occupied dwelling."

2. DNA testing is not material to the Defendant's defense inasmuch as he was convicted under both theories of first degree murder, premeditation and deliberation as well as felony murder.

Therefore, the Court concludes that the Defendant has not met the requirements set out in N.C.G.S.15A-269.

Defendant gave notice of appeal following the trial court's oral rendering of its judgment at the conclusion of the hearing.

On appeal, defendant raises the following issues: Whether the trial court erred (I) in finding that the affidavit was insufficient under N.C. Gen. Stat. § 15A-269; (II) in finding that DNA testing was not material to defendant's defense; and (III) in concluding that defendant had not met the requirements for requesting post-conviction DNA testing pursuant to N.C.G.S. § 15A-269.

*Grounds for Appeal*

We note that pursuant to North Carolina General Statutes, section 15A-270.1, "[a] defendant may appeal an order denying the defendant's motion for DNA testing under this Article, including by an interlocutory appeal." N.C. Gen. Stat. § 15A-270.1 (2011); *see also State v. Norman*, 202 N.C. App. 329, 688 S.E.2d 512 (2010).

*Issue*

We first address argument II.

*II*

[1] Defendant argues that the trial court erred in finding as fact that DNA testing was not material to defendant's defense. Defendant was convicted of first-degree murder on the basis of both premeditation and deliberation and felony-murder predicated upon discharge of a weapon into occupied property. Defendant contends that the State's theory of the case, presented during his trial in 2005, indicated that the victim was always inside the home and defendant was always outside the home while discharging his handgun into the residence. Defendant notes that evidence collected during the police investiga-

tion of the murder showed that blood was found on defendant's pants, and that the blood was never tested for identification purposes. Defendant contends that if DNA evidence indicates the blood on defendant's pants belonged to the victim, defendant could argue that he was in close proximity to the victim; that he was not shooting at her from outside of the residence; and that he would have the basis for a heat-of-passion defense to first-degree murder based on premeditation and deliberation with a potential reduction in charge to second-degree murder. We disagree.

In making a request for post-conviction DNA testing pursuant to North Carolina General Statutes, section 15A-269,

> (a) [a] defendant may make a motion before the trial court that entered the judgment of conviction against the defendant for performance of DNA testing . . . if the biological evidence meets all of the following conditions:
>
> (1) *Is material to the defendant's defense.*
>
> (2) Is related to the investigation or prosecution that resulted in the judgment.
>
> (3) Meets either of the following conditions:
>
> > a. It was not DNA tested previously.
> >
> > b. It was tested previously, but the requested DNA test would provide results that are significantly more accurate and probative of the identity of the perpetrator or accomplice or have a reasonable probability of contradicting prior test results.

N.C. Gen. Stat. § 15A-269(a) (2011) (emphasis added). "Favorable evidence is *material* if there is a 'reasonable probability' that its disclosure to the defense would result in a different outcome in the jury's deliberation." *State v. Canady,* 355 N.C. 242, 252, 559 S.E.2d 762, 767 (2002) (quoting *State v. Strickland,* 346 N.C. 443, 456, 488 S.E.2d 194, 202 (1997)) (emphasis added).

In his amended motion for post-conviction testing of DNA evidence, defendant acknowledged that during his criminal trial, evidence was presented that bullets remaining in the gun found outside the victim's residence matched bullets taken from the victim's body.

During the 11 May 2011 hearing on defendant's amended motion for post-conviction independent testing of DNA evidence, the State further described the evidence presented at trial: defendant threatened and assaulted the victim; in the days leading up to her death, the victim took out a 50B domestic violence protection order that was served on defendant; in the week leading up to the shooting, defendant was barred from purchasing a handgun from a local business due to the 50B protection order; the victim turned in weapons in her custody to a sheriff; the victim's 9-1-1 call, recorded the day of her shooting and played for the jury, included the victim's statements that her husband[, defendant,] was shooting at her; all shell casings were found outside the residence; the trajectory of the bullets suggested that the bullets were fired into the residence from outside; the gun used to shoot the victim had be reloaded to continue shooting; and, after placing defendant under arrest at the scene, law enforcement had to break in the door to enter the residence and aid the victim.

Also, in support of his motion for employment of funds seeking post-conviction DNA testing, defendant attached a search warrant that was issued in connection with the murder investigation of his wife. The affiant in support of the search warrant stated the following:

> On 9-29-04, the New Hanover County 911 Center received a phone call from a female calling from 1721 Fontenay Place. The female caller did not identify herself but stated that she had been shot and that her husband keeps shooting her. Officer A.C. Anderson was the first officer on the scene. Upon Officer Anderson's arrival, she observed the defendant, Mr. Robert Hewson, standing outside of the residence with his hands in the air. Mr. Hewson was handcuffed and detained, and according to Officer Anderson, the only statement that he made was that he had not been inside of the house. However, Officer Anderson observed blood stains on Mr. Hewson's pants. Officer K. Tully and M. Lewis entered the residence and located the victim, Mrs. Gail Hewson, lying on the floor of a lounge type room. Gail Hewson appeared to have been shot multiple times.

> According to Det. Benton, upon a preliminary inspection of the residence, broken glass was observed on the living room couch and there were bullet holes in the window directly behind the couch, indicating that the shooter was outside shooting into the residence. There was also a blood trail that

led from the living room, down a hallway, and into the room where Gail Hewson was located by Officer Tully and Lewis. Four bullet holes were also observed in the windows of the room where Gail Hewson was located. Additionally, Det. Benton noted that spent shell casings were located outside of the residence, as well as in the room w[h]ere Gail Hewson was found, and black revolver [sic] was located outside on the front porch of the residence.

We find that the evidence submitted by defendant in support of his motion supports the jury's verdict of guilty on the charge of first-degree murder based on premeditation and deliberation and based on the felony-murder rule, and does not support a jury instruction on the heat-of-passion defense. Defendant's contention that he was in close proximity to the victim at some point, even if supported by DNA evidence, does not minimize the significance of or otherwise refute the substantial evidence that defendant fired a gun into occupied property and that the victim suffered fatal gunshot wounds as a result. Based on this record, there is no reasonable probability that the disclosure of DNA evidence in support of defendant's contention would result in a different outcome in a jury's deliberation. *See id.* Therefore, we affirm the trial court's determination that DNA testing was not material to defendant's defense and, consequently, the trial court's conclusion that defendant's motion failed to meet the criteria for a request for post-conviction DNA testing pursuant to N.C.G.S. §15A-269(a)(1).

[2] Further, because we hold that the trial court had sufficient basis to determine that post-conviction independent DNA testing was not material to defendant's defense and, thus, had grounds to deny defendant's motion for post-conviction DNA testing made pursuant to N.C.G.S. § 15A-269(a), we need not address defendant's remaining arguments.

Affirmed.

Judges ELMORE and ERVIN concur.