An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1262

NORTH CAROLINA COURT OF APPEALS

Filed: 17 June 2014

STATE OF NORTH CAROLINA

v.

TYRONE RAYNARD GLADDEN

Cabarrus County
Nos. 04 CRS 8966-67, 9284
    04 CRS 13160, 12008
    05 CRS 2084

Appeal by defendant from order entered 9 July 2013 by Judge W. Erwin Spainhour in Cabarrus County Superior Court. Heard in the Court of Appeals 26 May 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Sherri Horner Lawrence, for the State.*

> *Center for Death Penalty Litigation, by Vernetta R. Alston, for defendant-appellant.*

HUNTER, Robert C., Judge.

In 2007, a jury found defendant guilty of two counts of first-degree murder, four counts of solicitation to commit murder, and one count each of first-degree burglary and conspiracy to commit murder. Defendant appealed, and this Court found no error in a unanimous opinion filed on 3 August 2010. *See State v. Gladden*, No. COA09-626, 2010 WL 3001504 (N.C. Ct.

App. Aug. 3, 2010), *cert. denied*, 365 N.C. 88, 706 S.E.2d 472 (2011). In February of 2013, defendant filed a motion for DNA testing. Defendant appeals from the trial court's 9 July 2013 order denying his motion for DNA testing.[1]

Counsel appointed to represent defendant on appeal has been unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal and asks that this Court conduct its own review of the record for possible prejudicial error. Counsel has shown to the satisfaction of this Court that she has complied with the requirements of *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493 (1967), and *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985), by advising defendant of his right to file written arguments with this Court and providing him with the documents necessary for him to do so.

In addition to counsel's brief, defendant filed a document on his own behalf with this Court. Rather than articulating specific arguments for relief, however, defendant's document consists of a list of citations to the trial transcript and defendant's observations about the evidence presented at trial.

[1] Defendant also filed a motion to reconsider the trial court's order, which the trial court denied on 19 July 2013. Defendant's notice of appeal references both orders, and both are included in the record on appeal, but the motion for reconsideration and order denying it address no additional issues other than those raised in the initial motion and order.

The sum of these observations appears to be a continuation of defendant's claims that additional items should have been subjected to further DNA testing or fingerprint analysis, so that the trial court erred by denying his motion for additional DNA testing. Nothing in defendant's filing, however, undermines the trial court's conclusion that defendant failed to satisfy his burden of proof for obtaining additional DNA testing pursuant to N.C. Gen. Stat. § 15A-269 (2013). *See State v. Hewson*, __ N.C. App. __, __, 725 S.E.2d 53, 57-58 (2012) (holding that the defendant failed to show that the requested DNA evidence would be material in light of the other evidence of guilt).

In accordance with *Anders*, we have fully examined the record to determine whether any issues of arguable merit appear therefrom. We have been unable to find any possible prejudicial error and conclude that the appeal is wholly frivolous.

AFFIRMED.

Judges STEPHENS and ERVIN concur.

Report per Rule 30(e).