An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-76

NORTH CAROLINA COURT OF APPEALS

Filed: 15 July 2014

STATE OF NORTH CAROLINA

v.

LACY DOUGLAS HOCUTT

Johnston County
No. 03 CRS 54060

Appeal by defendant from order entered 9 May 2013 by Judge William R. Pittman in Johnston County Superior Court.  Heard in the Court of Appeals 30 June 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Kimberly N. Callahan, for the State.*
>
> *Kimberly P. Hoppin for defendant-appellant.*

BRYANT, Judge.

Where defendant fails to show that DNA testing would be material to his defense, we affirm the trial court's denial of defendant's post-conviction motion for DNA testing.

On 3 September 2004, a jury found defendant guilty of first-degree murder under the theories of lying in wait and

acting with premeditation and deliberation, and the trial court sentenced defendant to life imprisonment without the possibility of parole. Defendant appealed, and this Court found no error. *State v. Hocutt*, 177 N.C. App. 341, 628 S.E.2d 832, *appeal dismissed*, 361 N.C. 174, 641 S.E.2d 4 (2006).

Acting *pro se*, on 29 March 2010, defendant filed with the trial court motions for post-conviction DNA testing pursuant to N.C. Gen. Stat. § 15A-269 and to locate and preserve evidence. The trial court appointed counsel to represent defendant on the motions, and on 29 January 2013, counsel filed an amended motion for post-conviction DNA testing. In his amended motion, defendant sought DNA testing of a shotgun, shotgun shell, beer can, and sunglasses. Defendant contended a lack of the presence of his DNA on these four items would constitute "strong evidence" negating the State's theory of lying in wait and weakening the State's theory of premeditation and deliberation. Defendant further asserted that DNA analysis of the items may identify another individual who handled them.

By order entered 9 May 2013, the trial court denied defendant's motion for post-conviction DNA testing. The court found defendant had made no factual showing that the evidence was material to his defense, or that new DNA tests on items

previously tested would provide results that are significantly more accurate or probative, or would have a reasonable probability of contradicting prior test results. Further, the court concluded that even if the requested DNA testing was conducted, there was not a reasonable probability that the verdict would have been more favorable to defendant. Defendant appeals.

_____

In his sole argument on appeal, defendant contends the trial court erred in concluding the evidence was not material to his defense and in denying the motion for post-conviction DNA testing. We disagree.

This Court reviews the denial of a motion for post-conviction DNA testing to determine if the trial court's findings of fact are supported by competent evidence. *State v. Gardner*, ___ N.C. App. ___, ___, 742 S.E.2d 352, 354 (citation omitted), *disc. review denied*, ___ N.C. ___, 749 S.E.2d 860 (2013). If so, they are binding on appeal. *Id.* The trial court's conclusions of law are reviewed *de novo*. *Id.*

A defendant may seek post-conviction DNA testing of evidence if it is material to the defendant's defense, related to the investigation or prosecution, and either was not

previously tested for DNA or was tested but the new DNA test would provide more accurate and probative results or has a reasonable probability of contradicting prior test results. N.C. Gen. Stat. § 15A-269(a) (2013). "Favorable evidence is material if there is a reasonable probability that its disclosure to the defense would result in a different outcome in the jury's deliberation." *State v. Hewson*, ___ N.C. App. ___, ___, 725 S.E.2d 53, 56 (2012) (citations and quotation omitted). A trial court shall grant a defendant's post-conviction motion for DNA testing if the defendant satisfies the above stated conditions precedent, the results of the DNA testing would produce "a reasonable probability that the verdict would have been more favorable to the defendant," and the defendant has signed a sworn affidavit of innocence. N.C. Gen. Stat. § 15A-269(b) (2013).

Defendant argued in his motion for post-conviction DNA testing that DNA tests would show either a lack of his DNA or the presence of the DNA of someone else on the four items he sought to have tested. Defendant asserted that the results would be "strong evidence" that would negate the State's theory of lying in wait and weaken the theory of premeditation and deliberation. However, even assuming that defendant's beliefs

regarding the presence of DNA on the items are correct, such evidence does not suggest a reasonable probability that the verdict would have been more favorable to defendant.

Defendant did not testify at trial. However, his counsel admitted that defendant shot and killed the victim with a shotgun. Defendant's counsel argued that even though defendant shot and killed the victim, he was only guilty of a lesser offense and not guilty of first-degree murder.

At trial, the State's evidence tended to show that defendant and the victim had a long history of animosity towards each other, and had been in an altercation with each other earlier on the day of the shooting. *Hocutt*, 177 N.C. App. at 344, 628 S.E.2d at 836. After the altercation, while defendant's girlfriend was driving defendant to a cookout, defendant twice told her that he ought to shoot defendant. *Id*. Defendant then demanded that his girlfriend stop on Branch Chapel Church Road and let him out of the car. *Id*. Defendant retrieved a shotgun from the trunk of the car and demanded a beer from his girlfriend. *Id*. After giving defendant a can of Busch beer, defendant's girlfriend drove off, leaving him on the side of the road with the shotgun in his hand. *Id*. Several minutes later, a resident of Branch Chapel Church Road saw the

victim drive by on a moped and then heard two gunshots. *Id.* The victim was found nearby on the side of the road, suffering from severe injuries. *Id.* He was transported to the hospital where he died several days later. *Id.*

> [Investigating officers] found a Busch beer can, a pair of sunglasses, and an empty 12-gauge shotgun shell casing in the woods near where [the victim] was found. They also saw muddy footprints made by bare feet. Forensic testing revealed defendant's fingerprint on the sunglasses and his DNA on the beer can. About two weeks later, a logger found a shotgun in the wooded area near the crime scene. . . .

> [Later that evening, officers] saw the defendant walking down the road barefooted. He had scratches all over his body, was very dirty, and was staggering. The officers recognized defendant and observed that he was very intoxicated. They placed him in handcuffs and took him to jail for "detox purposes," "to sober up." The next morning defendant was charged with assault with a deadly weapon with intent to kill inflicting serious injury, and attempted murder. . . . While at the Johnston County Detention Center, defendant made incriminating statements over the phone to [his girlfriend] and to his brother which were recorded, pursuant to jail policy. . . . Defendant's recorded statements that he shot [the victim] were introduced by the State at trial.

*Id.* at 345, 628 S.E.2d at 836—37.

Based on this evidence, there is no reasonable probability that the discovery of someone else's, or the lack of

defendant's, DNA on the shotgun, shotgun shell, beer can, or sunglasses would result in a different outcome in a jury's deliberation. Defendant's identity as the person who shot and killed the victim was not at issue in this case. The lack of defendant's DNA or presence of another person's DNA on the items would not contradict defendant's admission that he shot and killed the victim, nor would it have any bearing on the State's theories that defendant killed the victim after lying in wait or with premeditation and deliberation. Accordingly, the trial court did not err in concluding that defendant's requested DNA testing was not material to his defense, and the court's order denying defendant's motion for post-conviction DNA testing is affirmed.

Affirmed.

Judges STROUD and HUNTER, Robert N., Jr., concur.

Report per Rule 30(e).