An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-34
NORTH CAROLINA COURT OF APPEALS

Filed:  19 August 2014

STATE OF NORTH CAROLINA

   v.                                      Johnston County
                                         Nos. 82 CRS 5044-47
JOE FORNECKER SMITH


Appeal by defendant from order entered 28 October 2013 by Judge Gale M. Adams in Johnston County Superior Court.  Heard in the Court of Appeals 21 May 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Kimberly N. Callahan, for the State.*

> *Sue Genrich Berry, for defendant-appellant.*


CALABRIA, Judge.


Joe Fornecker Smith[1] ("defendant") appeals from an order denying his amended motion for post-conviction DNA testing.  We affirm.

The background and facts of the underlying offenses in this case are fully set forth in defendant's previous appeal, *State*

---

[1] Defendant's name is spelled "Joe Fornocker Smith" and "Joe Fornecker Smith" on different documents in the record.  We use the spelling provided in the notice of appeal.

*v. Smith*, 310 N.C. 108, 310 S.E.2d 320 (1984). In June 1982, defendant and Louie Carlos Ysaguire ("Ysaguire") raped, sexually assaulted, and robbed a female victim at a motel. They then bound and gagged the victim and urinated on her before leaving her face down on the bed. Defendant was arrested, charged, and indicted under a theory of aiding and abetting Ysaguire with first degree rape, first degree sexual offense, first degree burglary, and armed robbery. After a trial, the jury returned verdicts finding defendant guilty of all offenses. The trial court sentenced defendant to two life sentences and two fourteen year sentences, each to run consecutively. Defendant appealed to the Supreme Court of North Carolina. The Court found no error in defendant's trial.

In February 2010, defendant filed a *pro se* motion for post-conviction DNA testing pursuant to N.C. Gen. Stat. § 15A-269, an affidavit of innocence, and a motion to locate and preserve evidence. Subsequently, defendant's counsel filed an amended motion for DNA testing on eight items that had not been subjected to DNA testing: a rape kit from the victim, a rape kit from Ysaguire, a rape kit from defendant, one bed sheet, one pillowcase, cloth strips removed from the victim, two pubic hairs, and one knife. Following a hearing, the trial court

ordered the State to locate the evidence sought or submit affidavits if the evidence had been destroyed. The trial court reserved its ruling on whether DNA testing would be allowed on the knife used in the assault, which the parties agreed was available for testing.

On 24 June 2013 in Johnston County Superior Court, defendant's counsel reviewed affidavits that the State submitted from the Johnston County Sheriff's Office, the North Carolina State Bureau of Investigation, the Smithfield Police Department, and the Johnston County Clerk of Court ("the Clerk's Office"). Defendant's counsel learned that neither the Clerk's Office nor any of the agencies possessed the physical evidence listed in the amended motion with the exception of the knife used in the assault. After hearing arguments from defendant and the State, the trial court denied defendant's motion for post-conviction DNA testing of the knife on 28 October 2013. Defendant appeals.

Defendant argues that the affidavits submitted by the State were insufficient to meet the statutory requirements or the trial court's order. Specifically, defendant claims that the affidavits did not establish that the evidence had in fact been destroyed or was unavailable for testing. However, at the hearing, defendant failed to object to the sufficiency of the

affidavits. Nor did defendant argue at the hearing that the State had failed to comply with the trial court's order or with N.C. Gen. Stat. § 15A-269. Furthermore, at the hearing, defendant did not assert any bad faith on the part of the Clerk's Office or the various agencies. Therefore, defendant failed to preserve this issue for appeal. *See State v. Haselden*, 357 N.C. 1, 10, 577 S.E.2d 594, 600 (citations and quotation marks omitted), *cert. denied*, 540 U.S. 988, 157 L. Ed. 2d 382 (2003) ("This Court will not consider arguments based upon matters not presented to or adjudicated by the trial court. Even alleged errors arising under the Constitution of the United States are waived if defendant does not raise them in the trial court.").

Defendant also argues that the trial court erred in denying his motion for post-conviction DNA testing of the knife. We disagree.

In reviewing the denial of a motion for post-conviction DNA testing, "[f]indings of fact are binding on this Court if they are supported by competent evidence and may not be disturbed absent an abuse of discretion. The lower court's conclusions of law are reviewed *de novo*." *State v. Gardner*, ___ N.C. App. ___, ___, 742 S.E.2d 352, 354 (2013) (citation omitted).

N.C. Gen. Stat. § 15A-269(a) (2013) provides, in pertinent part, that a defendant may make a motion for DNA testing "if the biological evidence meets all of the following conditions": (1) it is material to the defendant's defense; (2) it is related to the prosecution that resulted in the judgment; and (3) it was either not previously tested or "would provide results that are significantly more accurate and probative of the identity of the perpetrator or accomplice or have a reasonable probability of contradicting prior test results."

To be successful on a motion for post-conviction DNA testing, a defendant must prove that the biological evidence is "material to the defendant's defense." N.C. Gen. Stat. § 15A-269(a). "[A] defendant carries the burden to make the showing of materiality required by N.C. Gen.Stat. § 15A-269(a)(1) [sic] and . . . this burden requires more than the conclusory statement that the ability to conduct the required DNA testing is material to the defendant's defense." *Gardner*, ___ N.C. App. at ___, 742 S.E.2d at 356 (citation and internal quotations omitted). "Favorable evidence is *material* if there is a reasonable probability that its disclosure to the defense would result in a different outcome in the jury's deliberation."

*State v. Hewson*, ___ N.C. App. ___, ___, 725 S.E.2d 53, 56 (2012) (citations omitted).

In the instant case, there is no question that defendant's request for post-conviction DNA testing is related to the prosecution that resulted in the judgment, since defendant believes the evidence collected supports his claim of innocence. Defendant also correctly asserts that the items of evidence that were listed for testing had not been subjected to DNA testing at any time in any lab. Therefore, the issue for this Court to determine is whether the testing of the knife is material to defendant's defense or whether the DNA found on the knife would result in a different outcome in the jury's deliberation.

At the hearing, defense counsel argued the importance of testing the knife:

> The only thing that has been located, that we have requested to have tested, was the knife that was allegedly used in that incident that evening.
>
> I think that knife is very important . . . to the fact the police on site said the two gentlemen at the time, [Ysaguire] – and that's the point in time when they saw the knife in the car. They say that [defendant] didn't have it in his possession when he got to the car. And also, that would be in [defendant's] testimony at the trial that he did not threaten anybody with a knife; that he was trying to hold on in order to stand up, that he was under the influence of what

we believe might be LSD.

> Therefore . . . I would ask this Court [sic] to submit that knife for DNA testing so that we can confirm whether or not the epithelial cells off of [Ysaguire], the co-defendant, are there and it would be no DNA from my client, [defendant].

The State responded, *inter alia*, that "DNA testing of the knife would not establish any evidence of the defendant's innocence or mitigation[.]" The trial court denied defendant's amended motion for post-conviction DNA testing and ordered that the knife was not to be tested. The court "[did] not find that the verdict would have been more favorable to the defendant had it been previously tested and testing is not likely to produce a result that is different from what has already occurred[.]" The court added, "the evidence [against defendant] in this particular case [was] overwhelming."

At the hearing to submit the knife for testing to show the lack of defendant's DNA, defendant had the burden of proving the materiality of the evidence. Defendant's counsel argued that since defendant did not have possession and did not threaten anyone with the knife, the testing would confirm that Ysaguire's DNA would be on the knife, not defendant's DNA. Not having possession and not threatening anyone with the knife was insufficient to prove how the DNA testing of the knife would be

material to defendant's defense, because defendant testified at trial that Ysaguire "pulled a knife on him." *Smith*, 310 N.C. at 111, 310 S.E.2d at 322. Defendant failed to show in his motion for DNA testing and at the hearing, with a reasonable probability, how the lack of his DNA on the knife itself would have affected his defenses at trial or resulted in a different outcome in the jury's deliberation. *Hewson*, ___ N.C. App. at ___, 725 S.E.2d at 56. Since defendant was unable to carry his burden of showing there was a reasonable probability that the disclosure of DNA would produce a different outcome in the result of the jury's deliberation, *id*., the trial court's findings of fact were supported by competent evidence. The trial court did not abuse its discretion by denying defendant's motion for post-conviction DNA testing.

In conclusion, defendant failed to challenge the sufficiency of the affidavits at the hearing. Therefore, he failed to preserve that issue for appeal. Furthermore, defendant's conclusory assertion that DNA testing of the knife would support his claim of innocence is insufficient to show the materiality of the evidence to his defense as required by N.C. Gen. Stat. § 15A-269. Therefore, the trial court did not err in

denying defendant's motion. The trial court's order is affirmed.

Affirmed.

Judges BRYANT and GEER concur.

Report per Rule 30(e).