An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-1188

Filed: 19 May 2015

Carteret County, No. 03 CRS 404, 50433

STATE OF NORTH CAROLINA

v.

LUIS OVANDO

Appeal by defendant from order entered 18 September 2013 by Judge Benjamin G. Alford in Carteret County Superior Court. Heard in the Court of Appeals 3 March 2015.

> *Attorney General Roy Cooper, by Assistant Attorney General Laura Edwards Parker, for the State.*

> *William D. Spence for defendant-appellant.*

DIETZ, Judge.

Defendant Luis Ovando appeals from the trial court's order denying his motion for post-conviction DNA testing. Ovando pleaded guilty to first degree statutory rape and incest between near relatives in 2003 after raping his own six-year-old daughter. The State's case against Ovando did not rely on any biological evidence that could be DNA tested, but instead rested on the victim's severe vaginal lacerations that required hospitalization and surgery, the victim's statement that "Dad did something

to me," and the statements of Ovando's brother, who was present in the home when the crime occurred.

Ten years later, in 2013, Ovando filed a motion for post-conviction DNA testing and requested appointment of counsel to assist him. The trial court denied both his motion for DNA testing and his request for appointed counsel. Ovando appealed both rulings.

For the reasons set forth below, we affirm. Post-conviction DNA testing is permitted only if the defendant shows that the biological evidence to be tested is material to his defense. Similarly, appointment of counsel is permitted only if the defendant shows that the allegations in his motion, if true, would be material to his defense. Because Ovando did not state any reasons why the testing is material, because the State's case against Ovando did not rely on any biological evidence, and because Ovando pleaded guilty and admitted to the factual basis of his crime, we affirm the trial court's order denying his request for testing and denying his request for appointed counsel.

**Facts and Procedural History**

On 29 July 2003, Ovando pleaded guilty to first degree statutory rape and incest between near relatives. The victim was Ovando's six-year-old daughter and she had identified Ovando as the perpetrator of her sexual abuse. The victim's statements were corroborated by her severe physical injuries including vaginal

lacerations that resulted in serious blood loss and hospitalization. The victim stated that "Dad did something to me" and that Ovando told her not to tell anyone, especially her mother.

Ovando's brother was present in the home during this time and witnessed Ovando and the victim go into a back room alone. Ovando emerged stating that he had "cut his finger." Ovando asked his brother to leave the home to pick up the victim's mother. When Ovando's brother and the victim's mother returned, the victim was bleeding from her vagina and complaining of abdominal pain. They immediately took her to the hospital. While being treated for her injuries, medical personnel used a rape kit to collect any biological evidence. The SBI lab tested the rape kit but found no evidence of semen or other incriminating biological evidence.

Ovando pleaded guilty and admitted under oath that he was "in fact guilty" of first degree statutory rape and incest with his own daughter. He swore that he understood that he was giving up his right to be tried by a jury and his "other constitutional rights relating to a trial by jury." He also swore that no one "made any promises or threatened [him] in any way to cause [him] to enter this plea against [his] wishes," that he was making the plea "of [his] own free will, fully understanding what [he is] doing." Ovando was sentenced to 288-355 months imprisonment.

On 17 November 2003, the trial court entered an order for the evidence in Ovando's case to be destroyed. In accordance with this court order, all evidence concerning Ovando's case was destroyed on 11 July 2005.

On 21 May 2013, Ovando filed a motion to locate and preserve evidence, a motion for post-conviction DNA testing, and an affidavit of actual innocence. In his motion, Ovando stated that "On information and belief, the following items were related to the investigation or prosecution of the crime with which the defendant was charged: A. Blood, B. Skin Cells, C. Saliva, D. Pants, E. Hair, F. Bra, G. Cigarette butts, H. Sweat, I. Vaginal Swabs, J. Anal Swabs, K. Blouse, L. Pubic Hairs, M. Semen, N. Fecal Stains, O. Other items of evidence." He alleged that "the test [sic] run by the North Carolina State Bureau of Investigation Crime Lab are insufficient and that the defendant is entitled to a more thoroughly [sic] and proper examination." He further alleged that "present day DNA Technology" would "allow[ ] for the testing of the above listed items in evidence, as the same could go a long way towards proving the defendant's innocence."

In his motion, Ovando indicated that the items listed were "not subject to DNA testing, or . . . can now be subjected to newer and more accurate testing which would provide results that are significantly more accurate and probative of the identity of the perpetrator or accomplice, or have reasonable probability of the [sic] contradicting prior test results." He concluded that "the requested DNA Testing is material to the

defendant's defense." Additionally, Ovando requested appointment of counsel under N.C. Gen. Stat. § 15A-269(c).

The State filed a response to Ovando's motion on 13 September 2013. In its response, the State argued that Ovando's motion should be denied because further DNA testing is not possible as the evidence had been destroyed pursuant to a court order, the "SBI report that was generated was not incriminating of the Defendant," and "there was a factual basis for the Defendant's plea of guilty." Therefore, the State concluded that "the Defendant is not entitled to the relief sought." On 18 September 2013, the trial court entered an order denying Ovando's motion for post-conviction DNA testing and refusing his request for appointment of counsel. The trial court adopted most of the State's response in its order.

Ovando timely filed a handwritten notice of appeal on 24 September 2013. However, there is no indication that a copy of the notice of appeal was served on the Carteret County District Attorney's Office.

**Analysis**

I.    **Sufficiency of Notice of Appeal & Petition for Writ of Certiorari**

Ovando filed a petition for writ of certiorari with this Court requesting that we hear his appeal despite his failure to serve a copy of his written notice of appeal on the Carteret County District Attorney's Office as required by N.C. R. App. P. 4(a)(2). We exercise our discretion to allow that petition under N.C. R. App. P. 21(a)(1) and

consider Ovando's appeal.

## II.    Denial of Motion for Post-Conviction DNA Testing

Ovando argues that the trial court erred in denying his motion for post-conviction testing under N.C. Gen. Stat. § 15A-269.  Because we hold that Ovando did not show that the evidence for which he seeks testing is material to his defense, we reject this argument.

The standard of review for a trial court's denial of a motion for post-conviction DNA testing "is analogous to the standard of review for a motion for appropriate relief."  *State v. Gardner*, ___ N.C. App. ___, ___, 742 S.E.2d 352, 354 (2013).  "Findings of fact are binding on this Court if they are supported by competent evidence and may not be disturbed absent an abuse of discretion.  The lower court's conclusions of law are reviewed *de novo*."  *Id.*

Under the post-conviction DNA testing statute, a defendant may make a motion for post-conviction DNA testing

> if the biological evidence meets *all* of the following conditions:
>
> (1) *Is material to the defendant's defense.*
>
> (2) Is related to the investigation or prosecution that resulted in the judgment.
>
> (3) Meets either of the following conditions:
>
>> a.  It was not DNA tested previously.

     b. It was tested previously, but the requested DNA test would provide results that are significantly more accurate and probative of the identity of the perpetrator or accomplice or have a reasonable probability of contradicting prior test results.

N.C. Gen. Stat. § 15A-269(a) (2013) (emphasis added).

This Court has held that satisfying the three conditions contained in N.C. Gen. Stat. § 15A-269(a) is "a condition precedent to a trial court's statutory authority to grant a motion under N.C.G.S. § 15A-269." *State v. Foster*, 222 N.C. App. 199, 204, 729 S.E.2d 116, 120 (2012) (citation omitted). "The burden is on defendant to make the materiality showing required by N.C. Gen. Stat. § 15A-269(a)(1)." *Id.* at 205, 729 S.E.2d at 120.

Evidence is "material" under N.C. Gen. Stat. § 15A-269(a)(1) "if there is a *reasonable probability*" that it "would result in a different outcome in the jury's deliberation." *State v. Hewson*, 220 N.C. App. 117, 122, 725 S.E.2d 53, 56 (2012). "[A] mere conclusory statement is insufficient to establish materiality." *State v. Collins*, ___ N.C. App. ___, ___, 761 S.E.2d 914, 922 (2014).

In *Foster*, this Court held that the defendant's conclusory statement that "[t]he ability to conduct the requested DNA testing is material to the Defendant's defense" with "no other explanation of why DNA testing would be material to his defense" was insufficient to meet the burden of establishing materiality. 222 N.C. App. at 205, 729

S.E.2d at 120 (internal quotation marks omitted); *see also Gardner*, ___ N.C. App. at ___, 742 S.E.2d at 356. Here, on the issue of materiality, Ovando's motion stated that "[t]he ability to conduct the requested DNA Testing is material to the defendant's defense," a statement identical to the one this Court found to be insufficient in both *Foster* and *Gardner*. The motion also states that the requested testing "could go a long way towards proving the defendant's innocence," but gives no further explanation of how DNA testing would be material to his defense. Under our precedent as articulated in *Foster* and *Gardner*, Ovando has failed to satisfy the materiality requirement in § 15A-269(a)(1). Thus, the trial court did not err in denying Ovando's motion.

Moreover, given the fact that Ovando pleaded guilty and admitted to all the specific details of his crime, his showing of materiality would require substantially more than the mere assertions in his motion. Ovando pleaded guilty knowingly and of his own free will, admitting that he was "in fact guilty" of first degree statutory rape and incest involving his own daughter. Importantly, the evidence supporting Ovando's guilty plea was not based on DNA evidence, but rather on the victim's severe physical injuries, the victim's statements, the victim's identification of Ovando as the perpetrator of her sexual abuse, and the corroborating statements of the victim's mother and Ovando's brother. In fact, the SBI tests conducted in 2003 did

not reveal the presence of semen and did not incriminate Ovando. Given these facts and his admission of guilt, Ovando cannot satisfy his burden.

We note that this Court has twice declined to decide whether a defendant *ever* can establish materiality for post-conviction DNA testing after entering a guilty plea, and we again decline to reach that issue here. *See State v. Turner*, ___ N.C. App. ___, ___, 768 S.E.2d 356, 359 (2015) ("[W]e do not reach the State's argument that a defendant can never establish materiality for postconviction DNA testing after entering a guilty plea."); *Collins*, ___ N.C. App. at ___, 761 S.E.2d at 920 ("We do not address the State's argument that Defendant is not entitled to post-conviction DNA testing because he entered an *Alford* plea."). But as we observed above, when a defendant enters a guilty plea and admits to the factual basis of the criminal charges, as is the case here, it will be exceedingly difficult to demonstrate the materiality prong of N.C. Gen. Stat. § 15A-269(a)(1). Because Ovando cannot satisfy the applicable statutory factors, the trial court properly denied his request for DNA testing.

## III. Appointment of Counsel under § 15A-269(c)

Ovando also argues that the trial court erred in refusing to appoint him counsel pursuant to N.C. Gen. Stat. § 15A-269(c). He contends that he met the requirements of that section and therefore he was entitled to appointment of counsel to assist him with his motion for DNA testing. We disagree.

Section 15A-269(c) provides that

> the court shall appoint counsel for the person who brings a motion under this section if that person is indigent. If the petitioner has filed pro se, the court shall appoint counsel for the petitioner in accordance with rules adopted by the Office of Indigent Defense Services *upon a showing that the DNA testing may be material to the petitioner's claim of wrongful conviction.*

N.C. Gen. Stat. § 15A-269(c) (2013) (emphasis added). Ovando argues that the statute is ambiguous and should be interpreted in accordance with the rule of lenity to mean that a trial court must appoint counsel to assist a defendant in his motion for DNA testing if the defendant is indigent. *See State v. Crawford*, 167 N.C. App. 777, 780, 606 S.E.2d 375, 377-78 (2005). But this same argument was rejected by this Court in *Gardner*. ___ N.C. App. at ___, 742 S.E.2d at 355. In *Gardner*, this Court "concluded that there is no ambiguity in [§ 15A-269(c)]" and "[b]ecause there is no ambiguity, the rule of lenity does not apply." *Id.* "[A]ccording to the plain language of the statute, a trial court is required to appoint counsel for a defendant bringing a motion under this section only if the defendant makes a showing (1) of indigence and (2) that the DNA testing is material to defendant's claim that he or she was wrongfully convicted." *Id.* (citation omitted). In order to satisfy the materiality requirement for appointment of counsel, a defendant "must make an allegation addressing the materiality issue that would, if accepted, satisfy N.C. Gen. Stat. § 15A-269(a)(1)." *Id.*

One panel of this Court cannot overturn another and therefore we are bound by the *Gardner* holding. *See In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). As a result, Ovando was not entitled to counsel unless his motion contained allegations that, if accepted, would satisfy the materiality prong of N.C. Gen. Stat. § 15A-269(a)(1). As explained in Part II above, Ovando fell far short of satisfying that materiality requirement. Accordingly, the trial court properly denied Ovando's request for court-appointed counsel to represent him.

## Conclusion

For the reasons discussed above, we affirm the trial court's order denying Ovando's motion for post-conviction DNA testing and denying his request for appointment of counsel.

AFFIRMED.

Judges CALABRIA and McCULLOUGH concur.

Report per Rule 30(e).