BRYANT, Judge.
Where Defendant has made no showing as to how DNA testing of items would be material to his defense, we affirm the trial court's order denying defendant's motion to locate and preserve evidence and for DNA testing.
On 10 March 2005, defendant Joseph Donald Carroll entered a guilty plea to one count of first-degree murder and was sentenced to life imprisonment without parole. Defendant did not appeal from the judgment entered against him.
Over eleven years later on 29 April 2016, defendant filed a motion in Davidson County Superior Court to locate and preserve evidence and for DNA testing. In the motion, defendant asked for DNA testing of forty-five items that had been seized by investigators, and argued that DNA testing is material to his defense because it would prove that he was not the perpetrator of the murder. The trial court denied defendant's motion by order dated 4 May 2016, concluding that defendant had failed to allege "grounds sufficient for the relief requested [.]" Defendant filed notice of appeal from that order on 24 May 2016.
Recognizing that defendant's notice of appeal was untimely filed and that this Court lacks jurisdiction to hear defendant's direct appeal, see N.C. R. App. P. 4(a)(2) (2017), defendant filed a petition for writ of certiorari with this Court on 5 October 2016, seeking review of the trial court's order denying his motion for DNA testing, see N.C. R. App. P. 21(a)(1) (2017). Counsel contends that defendant timely mailed his notice of appeal on 11 May 2016, and that delays in filing the notice should not be attributed to defendant. Accordingly, although we must dismiss defendant's direct appeal, in our discretion we allow his petition for writ of certiorari to consider the merits of his arguments on appeal. See State v. Turner , --- N.C. App. ----, ----, 768 S.E.2d 356, 358 (2015).
_________________________
Counsel appointed to represent defendant on appeal has been unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal and asks that this Court conduct its own review of the record for possible prejudicial error. Counsel has shown to the satisfaction of this Court that he has complied with the requirements of Anders v. California , 386 U.S. 738, 18 L.Ed. 2d 493 (1967), and State v. Kinch , 314 N.C. 99, 331 S.E.2d 665 (1985), by advising defendant of his right to file written arguments with this Court and providing him with the documents necessary for him to do so.
Defendant filed a document with this Court on 15 December 2016, in which he presents additional written arguments on appeal. Defendant argues that his guilty plea was coerced by his co-defendants, who "incriminat[ed]" him for a crime that he did not commit and threatened his life and the lives of his family members if he did not confess to committing the murder. Defendant contends that DNA tests of the items listed in his motion will prove that he was not present at the crime scene and was not the perpetrator of the murder. Defendant further argues (1) that his trial counsel refused to request DNA testing from the trial court; (2) that he lost his right to confront the witnesses against him because the DNA testing was not performed; (3) that he is innocent of the murder to which he pled guilty (noting that several other inmates in North Carolina have been found innocent of their crimes due to post-conviction DNA testing); (4) that his statement to investigators, in which he confessed to committing the murder, may have been coerced and thus was inadmissible; and (5) that DNA testing of the items listed in his motion constitutes relevant evidence, and the court's refusal to allow his motion effectively prevented him from exercising his fundamental right to present a defense at trial.
Defendant's arguments, however, are unsupported beyond his bare assertions and are not germane to the issue of whether the trial court erred in denying his motion to locate and preserve evidence and for DNA testing. Defendant made no showing in his motion as to how DNA testing of the listed items would be material to his defense, particularly given his statement to investigators in which he confessed to the murder, the corroborating statements given by his co-defendants, and his guilty plea. Defendant has thus not shown that the trial court erred in denying the motion. Turner , --- N.C. App. at ----, 768 S.E.2d at 359-60 ; see also State v. Hewson , 220 N.C. App. 117, 122-24, 725 S.E.2d 53, 57-58 (2012) (holding that the defendant failed to show the requested DNA evidence would be material in light of the other evidence of guilt).
In accordance with Anders and Kinch , we have fully examined the record to determine whether any issues of arguable merit appear therefrom. We have been unable to find any possible prejudicial error and conclude that the appeal is wholly frivolous. Accordingly, we affirm the trial court's order denying defendant's motion to locate and preserve evidence and for DNA testing.
AFFIRMED.
Report per Rule 30(e).
Judges DAVIS and ZACHARY concur.