BRYANT, Judge.
Where defendant's conclusory statement that evidence is material to his defense because "there is a very reasonable probability" it could prove the defendant was not the perpetrator is insufficient to carry defendant's burden of proof, we affirm the order of the trial court.
Defendant was convicted by a jury of first-degree kidnapping, common law robbery, second-degree kidnapping, and robbery with a dangerous weapon and was sentenced on 10 March 2011 to two consecutive terms of incarceration of 110 to 141 months. The judgments and convictions were affirmed by this Court on 7 February 2012. State v. Nettles , No. COA11-638, 2012 WL 380005 (N.C. Ct. App. Feb. 7, 2012) (unpublished), disc. review denied , 368 N.C. 690, 781 S.E.2d 484 (2016).
On 16 April 2016, defendant filed a motion to locate and preserve evidence and for post-conviction DNA testing. On 27 April 2016, Judge W. Allen Cobb Jr. filed an order denying the motion. On or about 6 June 2016, defendant mailed a letter to Judge Cobb requesting appointment of counsel so he could appeal Judge Cobb's order. On 17 June 2016, Judge Cobb filed an order in which he found that the notice of appeal purportedly filed by defendant on 13 May 2016 and referenced in the letter was not in the case file; however, given that N.C. Gen. Stat. § 15A-270.1 provides a right to appeal an order denying a motion for DNA testing, he appointed counsel to represent defendant and make any filing deemed necessary.
On 19 September 2016, defendant's appointed counsel filed a record on appeal in this Court. On 23 September 2016, defendant filed a petition for writ of certiorari. On 5 October 2016, the State filed a response in which it moved to dismiss the appeal on the ground that notice of appeal was not timely given.
We first address the motion to dismiss and petition for writ of certiorari. We note the record on appeal does not contain an oral notice of appeal or written notice of appeal constituted in accordance with the provisions of Appellate Rule 4(b). We further observe that to the extent the letter mailed by defendant on 6 June 2016 could be treated as a notice of appeal, it was not filed within fourteen days after entry of the order as mandated by Appellate Rule 4(a)(2). When the record on appeal does not establish that the defendant gave timely and proper notice of appeal pursuant to Rule 4, we lack jurisdiction and are required to dismiss the appeal. State v. Hughes , 210 N.C. App. 482, 484-85, 707 S.E.2d 777, 778-79 (2011). In our discretion, however, we allow the petition for writ of certiorari and review the merits of the appeal.
_________________________
Defendant's appointed counsel filed a brief on defendant's behalf in which she states that "[a]fter careful and repeated review of the record and applicable law and consultation with several colleagues ... [she] is unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal." Pursuant to Anders v. California , 386 U.S. 738, 18 L.Ed. 2d 493 (1967), and State v. Kinch , 314 N.C. 99, 331 S.E.2d 665 (1985), she asks this Court to review the record for possible prejudicial error and any non-frivolous issue counsel may have overlooked. In accordance with the dictates of those decisions, counsel attached to the brief a letter she wrote to defendant advising him of her inability to find possible prejudicial error, her request to this Court to review the record for possible error counsel may have overlooked, and his right to file his own written arguments directly with this Court. To assist defendant with filing his own arguments, counsel provided the trial transcripts, the record on appeal, the brief filed by counsel, and the petition for writ of certiorari. Counsel also informed this Court of issues she considered but determined could not support a successful appeal.
Defendant filed his own written arguments. He contends the court erred by denying his motion to locate evidence and for DNA testing.
The governing statute, N.C. Gen. Stat. § 15A-269, provides in pertinent part:
(a) A defendant may make a motion before the trial court that entered the judgment of conviction against the defendant for performance of DNA testing and, if testing complies with FBI requirements and the data meets NDIS criteria, profiles obtained from the testing shall be searched and/or uploaded to CODIS if the biological evidence meets all of the following conditions:
(1) Is material to the defendant's defense.
(2) Is related to the investigation or prosecution that resulted in the judgment.
(3) Meets either of the following conditions:
a. It was not DNA tested previously.
b. It was tested previously, but the requested DNA test would provide results that are significantly more accurate and probative of the identity of the perpetrator or accomplice or have a reasonable probability of contradicting prior test results.
(b) The court shall grant the motion for DNA testing and, if testing complies with FBI requirements, the run of any profiles obtained from the testing, upon its determination that:
(1) The conditions set forth in subdivisions (1), (2), and (3) of subsection (a) of this section have been met;
(2) If the DNA testing being requested had been conducted on the evidence, there exists a reasonable probability that the verdict would have been more favorable to the defendant; and
(3) The defendant has signed a sworn affidavit of innocence.
N.C. Gen. Stat. § 15A-269 (2015). The defendant bears the burden of showing that all of the conditions under N.C. Gen. Stat. § 15A-269(a) have been met. See State v. Foster , 222 N.C. App. 199, 205, 729 N.C. App. 116, 120 (2012). The defendant must prove by the preponderance of the evidence every fact necessary to support the motion. State v. Turner , --- N.C. App. ----, ----, 768 S.E.2d 356, 359 (2015). The court's findings of fact are binding on this Court if they are supported by competent evidence, and the conclusions of law are reviewed de novo. State v. Gardner , 227 N.C. App. 364, 365-66, 742 S.E.2d 352, 354 (2013) (citation omitted).
In the motion, defendant asserted that the evidence sought to be tested was material to the defense because the evidence, if tested, would prove that defendant was not the perpetrator of the crime. He also alleged that the State Bureau of Investigation Crime Laboratory "did not present the results under proper examination of DNA Technology Polymerace Chain Reaction (PCR) and Short Tandem Repeat (STR) or 'Touch DNA.' " He also alleged, "[u]pon information and believe [sic]," that "today's technology would allow the testing of DNA [and] provide results that are significantly more accurate and probative of the identity of the perpetrator in [sic] which will exonerate the Defendant."
The court found and concluded that given the overwhelming evidence of defendant's guilt, the results of DNA testing, although they may be considered relevant if offered at trial, were "not material in this post[-]conviction setting."]. The court concluded that defendant failed to show that all of the conditions required by N.C. Gen. Stat. § 15A-269 were met.
Evidence is material under N.C. Gen. Stat. § 15A-269(a) "if there is a 'reasonable probability' that its disclosure to the defense would result in a different outcome in the jury's deliberation." State v. Hewson , 220 N.C. App. 117, 122, 725 S.E.2d 53, 56 (2012) (quoting State v. Canady , 355 N.C. 242, 252, 559 S.E.2d 762, 767 (2002) ). A conclusory statement that the evidence is material to the defense because "there is a very reasonable probability" that it could prove the defendant was not the perpetrator, without a further showing, is insufficient to carry the defendant's burden of proof. See State v. Cox , --- N.C. App. ----, ----, 781 S.E.2d 865, 868 (2016).
In the instant case, the allegation in the motion that the evidence "would prove that the Defendant was NOT the perpetrator" of the crimes is very similar to the statements we found conclusory and incomplete in Cox, Gardner , and several unpublished decisions. Moreover, the evidence in the instant case, as narrated by this Court in its opinion in the appeal from the trial and judgment, shows that the victims in each incident identified defendant as the perpetrator. Defendant did not challenge on appeal the identification testimony of the witnesses or otherwise contest the sufficiency of the evidence to identify him as a perpetrator, but instead challenged the sufficiency of the evidence to establish discrete elements of the offenses. We therefore conclude that defendant failed to show the evidence was material to his defense. Because he failed to establish the first condition mandated by the statute, we need not consider whether he established any of the other conditions.
After considering defendant's arguments and reviewing the record on appeal for possible error overlooked by counsel, we are unable to find any issue to support meaningful relief on appeal. The trial court's order is
AFFIRMED.
Report per Rule 30(e).
Judges DAVIS and ZACHARY concur.